UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> CONQWEST, INC., a Massachusetts corporation, <br><br> Defendant. | CIVIL ACTION NO.: 04-11878-RCL |

### ANSWER AND JURY CLAIM OF DEFENDANT CONQWEST, INC.

NOW COMES the Defendant, ConQwest, Inc.("Defendant") ("misnomer"), and pursuant to Fed.R.Civ.P. 12(a) answers the allegations set forth in the Complaint of the Plaintiff, Qwest Communications International, Inc. ("Plaintiff"), as follows:

### FIRST DEFENSE
### (PARTIES, JURISDICTION, AND VENUE)

1. Defendant admits the allegation set forth in paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in paragraph 2 of the Complaint and calls upon Plaintiff to prove the same.

3. Defendant admits that jurisdiction is vested in this Federal Court, but denies the remainder of the allegations set forth in Paragraph 3 of the Complaint and calls upon the Plaintiff to prove the same.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint and calls upon Plaintiff to prove the same.

5. Defendant admits the allegation set forth in paragraph 5 of the Complaint.

6. Defendant states that the allegations contained in Paragraph 6 of the Complaint call for a legal conclusion, and as such, no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 6 of the Complaint and calls upon Plaintiff to prove the same.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 7 of the Complaint and calls upon Plaintiff to prove the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 8 of the Complaint and calls upon Plaintiff to prove the same.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint and calls upon Plaintiff to prove the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 10 of the Complaint and calls upon Plaintiff to prove the same.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint and calls upon Plaintiff to prove the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 12 of the Complaint and calls upon Plaintiff to prove the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 13 of the Complaint and calls upon Plaintiff to prove the same

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 14 of the Complaint and calls upon Plaintiff to prove the same

15. Defendant states that the allegations contained in Paragraph 15 of the Complaint call for a legal conclusion, and as such, no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 15 of the Complaint and calls upon Plaintiff to prove the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 16 of the Complaint and calls upon Plaintiff to prove the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 17 of the Complaint and calls upon Plaintiff to prove the same.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint and calls upon Plaintiff to prove the same.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint and calls upon Plaintiff to prove the same.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint and calls upon Plaintiff to prove the same.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint and calls upon Plaintiff to prove the same.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint and calls upon Plaintiff to prove the same.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint and calls upon Plaintiff to prove the same.

24. Defendant states that the allegations contained in Paragraph 24 of the Complaint call for a legal conclusion, and as such, no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 24 of the Complaint and calls upon Plaintiff to prove the same.

25. Defendant admits that it is engaged in the business of providing communication goods and services, but denies that these communication goods and services are the same as Plaintiff and denies the remainder of the allegations set forth in Paragraph 25 of the Complaint and calls upon the Plaintiff to prove the same.

26. Defendant admits that it has a website on the internet, but denies the remainder of the allegations set forth in Paragraph 26 of the Complaint and calls upon the Plaintiff to prove the same.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint and calls upon Plaintiff to prove the same.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint and calls upon Plaintiff to prove the same.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint and calls upon Plaintiff to prove the same.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint and calls upon Plaintiff to prove the same.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint and calls upon Plaintiff to prove the same.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint and calls upon Plaintiff to prove the same.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint and calls upon Plaintiff to prove the same.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint and calls upon Plaintiff to prove the same.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint and calls upon Plaintiff to prove the same.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint and calls upon Plaintiff to prove the same.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 37 of the Complaint and calls upon Plaintiff to prove the same.

38. Defendant admits that Plaintiff filed an Opposition in the United States Trademark Trial and Appeal Board, the document speaks for itself, but Defendant denies the remainder of the allegations set forth in Paragraph 38 of the Complaint and calls upon the Plaintiff to prove the same.

39. Defendant admits the '096 Application was abandoned, but denies the remainder of the allegations set forth in Paragraph 39 of the Complaint and calls upon the Plaintiff to prove the same.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 40 of the Complaint and calls upon Plaintiff to prove the same.

41. Defendant admits that a United States Trademark Application Serial Number 76/050,931 ("'93 Application") was filed, but Defendant denies the remainder of the allegations set forth in Paragraph 41 of the Complaint and calls upon the Plaintiff to prove the same.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 42 of the Complaint and calls upon Plaintiff to prove the same.

43. Defendant admits that the '93 Application describes spelling and coloring of Defendant's mark, but Defendant denies the remainder of the allegations set forth in Paragraph 43 of the Complaint and calls upon the Plaintiff to prove the same.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint and calls upon Plaintiff to prove the same.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint and calls upon Plaintiff to prove the same.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint and calls upon Plaintiff to prove the same.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint and calls upon Plaintiff to prove the same.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint and calls upon Plaintiff to prove the same.

## FIRST CAUSE OF ACTION
### (Trademark Infringement – 15 U.S.C. §1114(1))

49. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 48 of this Answer as if fully set forth herein.

50. Defendant denies the allegations set forth in paragraph 50 of the Complaint and calls upon Plaintiff to prove the same.

51. Defendant denies the allegations set forth in paragraph 51 of the Complaint and calls upon Plaintiff to prove the same.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint and calls upon Plaintiff to prove the same.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

## SECOND CAUSE OF ACTION
### (Trademark Infringement, Unfair Competition, And False Designation of Origin – 15 U.S.C. §1125(a))

54. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 53 of this Answer as if fully set forth herein.

55. Defendant denies the allegations set forth in paragraph 55 of the Complaint and calls upon Plaintiff to prove the same.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint and calls upon Plaintiff to prove the same.

57. Defendant denies the allegations set forth in paragraph 57 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

## THIRD CAUSE OF ACTION
### (Trademark Dilution – 15 U.S.C. §1125(c))

58. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 57 of this Answer as if fully set forth herein.

59. Defendant denies the allegations set forth in paragraph 59 of the Complaint and calls upon Plaintiff to prove the same.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint and calls upon Plaintiff to prove the same.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint and calls upon Plaintiff to prove the same.

62. Defendant denies the allegations set forth in paragraph 62 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

## FOURTH CAUSE OF ACTION
### (Denial of Trademark Registration – 15 U.S.C. §1119)

63. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 62 of this Answer as if fully set forth herein.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

## FIFTH CAUSE OF ACTION
### (State Dilution – Mass.Gen.Laws Ch. 110B §12)

65. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 64 of this Answer as if fully set forth herein.

66. Defendant denies the allegations set forth in paragraph 66 of the Complaint and calls upon Plaintiff to prove the same.

67. Defendant denies the allegations set forth in paragraph 67 of the Complaint and calls upon Plaintiff to prove the same.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint and calls upon Plaintiff to prove the same.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim against Defendant upon which relief may be granted.

2. The Plaintiff's claims must be dismissed for insufficiency of service of process and failure of process as required under Fed.R.Civ.P. 12(b).

3. The Plaintiff's claims must be dismissed for misnomer of a party.

4. The Plaintiff's Complaint must be dismissed as it is frivolous and made in bad faith under M.G.L. c.231, §6f.

5. The Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

6. The Plaintiff is barred from recovery by principles of acquiescence.

7. The Plaintiff is barred from recovery by collateral estoppel and res judicata.

8. The Plaintiff is barred from recovery by principles of election of remedies.

9. The Plaintiff is barred from recovery due to an accord and satisfaction.

10. The Plaintiff is barred from recovery by release and settlement.

11. The Plaintiff failed to commence this action within the time period prescribed in the applicable statute of limitations.

12. The Plaintiff's claims are barred by the Plaintiff's failure to mitigate damages.

13. The Plaintiff's claims against Defendant are barred because the negligence of the Plaintiff exceeded any negligence attributable to Defendant.

14. If the Plaintiff was damaged as alleged in the Complaint, any such damage was the result of acts or omissions of persons or entities over whom Defendant had no control and for whose conduct Defendant is not legally responsible.

15. The Plaintiff is barred from recovery by the doctrine of assumption of the risk.

16. The Plaintiff's claims are barred by the Statute of Frauds.

17. The Plaintiff's claims are barred by the doctrines of unconscionability and breaches of the covenant of good faith and fair dealing.

18. The Plaintiff's claim must fail because it has failed to plead fraud and material misrepresentation with particularity.

19. The Plaintiff's Complaint must be dismissed as it is frivolous and made in bad faith.

20. The Plaintiff's claims are barred by consent to use of the alleged trade name, logo, trademark, service mark or domain name.

21. The Plaintiff is barred from recovery by the principle of unclean hands.

22. The Plaintiff's Complaint must be dismissed as because Plaintiff has not plead it's cause of action with particularity as required by Fed.R.Civ.P. 9(b).

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

## JURY CLAIM

Defendant demands a trial by jury to the fullest extent permitted by law.

                                Respectfully submitted,
                                Defendant,
                                CONQWEST, INC.,
                                By its attorney:

                                _____
                                Rosemary A. Macero (BBO # 544271)
                                Macero & Associates, P.C.
                                One Thompson Square, Suite 301
                                Boston, MA 02129
                                (617) 242-5000

Dated: September __, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____