## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11878-RCL

QWEST COMMUNICATIONS INTERNATIONAL INC., a Delaware corporation,

    Plaintiff,

v.

CONQWEST, INC., a Massachusetts corporation,

    Defendant.

---

### JOINT PROPOSED PRETRIAL SCHEDULE

---

    Plaintiff, Qwest Communications International, Inc. and Defendant, CONQWEST, Inc., through their respective counsel, hereby submit this Joint Proposed Pretrial Schedule pursuant to Federal Rule of Civil Procedure Rule 16 and LR D. Mass. Rule 16.1.

**I.     STATEMENT OF CLAIMS AND DEFENSES**

    A.     Plaintiff's Claims.

    1.     *Factual Basis.* Plaintiff owns several trademarks consisting of, and incorporating the elements "QWEST" and "Q" (collectively, the "Qwest Marks") for a myriad of communications related goods and services and has the right to enforce those marks. Plaintiff and its predecessors-in-interest have used the marks for over 100 years and have invested tens of millions of dollars or more in advertising and promotion of the products and services offered under the marks. These marks have become well-known and famous. Defendant provides goods and services highly related to those of Plaintiff, in the same industry. Defendant is infringing Plaintiff's marks by using the designation CONQWEST in connection with its goods and services.

    2.     *Plaintiff's Causes of Actions & Remedies Sought.* The Complaint and Jury Demand sets forth claims for federal trademark infringement, federal false designation of origin and unfair competition, federal trademark dilution, denial of trademark registration and state trademark dilution. Plaintiff is seeking declaratory judgment, permanent and preliminary injunctive relief, a Court Order that Defendant destroy all materials which contain infringements of Plaintiff's marks, a Court Order requiring Defendant to transfer the domain name

<conqwest.com> to Plaintiff and a Court Order to the Director of the Patent and Trademark Office ordering the Director to cancel all CONQWEST trademark applications which would create a likelihood of confusion, mistake, and/or deception with the Plaintiff's marks.

B. <u>Defendant's Defenses and Relief Sought.</u>

1. *Factual Basis.* Defendant denies Plaintiff's allegations. Defendant is in the business of providing personalized network management services, network security architecture design and review services, and internet security services to its clients. Defendant has been proving these services to its clients for over five years. Contrary to Plaintiff's representations, Plaintiff is not engaged in the same business of Defendant, but is in the business of providing long distance telephone services and internet service. Further, the Plaintiff is not in the same industry or geographic market, and as such there is no possibility of confusion since the Defendant's name is distinct. Even if the Plaintiff and Defendant are considered to be in related industries, in that they provide services related to the internet, the Plaintiff does not and has not provided the services provided by the Defendant. The services offered by the Defendant are very different than those offered by Plaintiff. As such, Defendant has not and does not infringe on Plaintiff's marks by using the name CONQWEST in connection with its goods and services.

2. *Affirmative Defenses.* Defendant's Answer and Jury Claim sets forth various affirmative defenses including consent to use alleged trade name, logo, trademark, service mark, or domain name; doctrine of unclean hands; failure to plead with particularity.

3. *Relief Requested.* Defendant is seeking dismissal of the Complaint and attorneys' fees and costs.

## II. DISCOVERY PLAN AND SCHEDULE

1. <u>Deadline for Joinder of Parties and Amendment of Pleadings</u>: All parties shall be joined no later than February 1, 2005. Pleadings may be amended until March 1, 2005.

2. <u>Deadline for written discovery</u>: All parties shall complete written discovery by May 15, 2005.

3. <u>Deposition Schedule:</u> All fact witness depositions shall be completed by June 15, 2005.

4. <u>Expert Witness Disclosure:</u> Plaintiff expert witness identification and report due by July 31, 2005. Defendant's expert witness identification and report due by September 15, 2005. All expert witness depositions shall be completed by October 30, 2005.

5. <u>Automatic Disclosures:</u> The parties shall provide automatic disclosures on or before December 15, 2004.

## III. MOTIONS PLAN AND SCHEDULE

All motions *in limine* shall be filed no later than thirty (30) days prior to trial. All dispositive motions pursuant to Fed.R.Civ.P. 56 will be served no later than December 1, 2005.

## IV.   CERTIFICATION

The undersigned hereby certify that they have complied with the requirements of LR D. Mass. Rule 16.1.

DATED: __11-24-04__, 2004

MACERO & ASSOCIATES, P.C.

_____
Rosemary A. Macero (BBO # 544271)
One Thompson Square, Suite 301
Boston, MA 02129
(617) 242-5000

**ATTORNEY FOR DEFENDANT**

LEWIS MEYERS & SCHEID LLC

_____
Kurt S. Lewis (Reg. No. 11,386)
2300 Fifteenth Street, Suite 320
Denver, Colorado 80202
(303) 534-5040
(303) 534-5039 (facsimile)

Christopher Weld, Jr. (BBO # 522230)
Raymond P. Ausrotas (BBO # 640315)
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

4