UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 04-11878-RCL |
| v. | ) ) | |
| CONQWEST, INC., a Massachusetts corporation, | ) ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S OPPSOTION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Defendant, CONQWEST, Inc., through its undersigned counsel, hereby moves in opposition to Plaintiff's Motion to Amend the Complaint as follows:

1. The Defendant filed United States Trademark Application Serial Number 76/050,931 for the mark "CONQWEST" on May 18, 2000. The trademark application was approved for publication on January 18, 2005, at which time the 30 day opposition period began to run.

2. Plaintiff has known of Defendant's use of "CONQWEST" as a mark prior to Defendant's trademark application. Plaintiff waited until June 2004 to file any suit or similarly make any opposition to the use of the mark.

3. The period to file an opposition to the approval of the mark "CONQWEST" expired on February 17, 2005. Plaintiff admittedly failed to file an opposition prior to February 17, 2005, and as such, has waived its right to oppose the

approval of the mark. Upon expiration of the opposition period, Plaintiff failed to take any action, except now seeking to amend its Complaint.

4. The Plaintiff had 30 days in which it could have filed an opposition to the approval of the 76/050,931 application but failed to do so. The 30 day opposition is provides for an ample amount of time in which to file an opposition to an approved trademark application.

5. It is apparent from the original Complaint and the proposed Amended Complaint that the Plaintiff was well aware of the Application's existence and the timeframe within which an opposition may be filed before the United States Patent and Trademark Office (USPTO). The matter of general objections to the mark is more properly handled by the USPTO. Plaintiff is knowledgeable about USPTO process in regards to deadlines and objections. Therefore, this Court should not allow Plaintiff to circumvent its failure to timely oppose the trademark application by allowing an amendment of the Complaint to include an alleged subsequently acquired cause of action to cancel the Defendant's approved trademark application.

6. Although the amendment time frame has passed, the period of time for discovery will need to be continued to accommodate for additional discovery of the defenses of waiver and estoppel arising from the new causes of action.

WHEREFORE, the Defendant requests this Court to deny the Plaintiff's Motion to Amend, and for such other relief this Court deems fair and equitable, including any extension of the discovery dates for no less than three months.

Respectfully submitted,
Defendant,

CONQWEST, INC.,
By its attorney:

*/s/ Rosemary A. Macero*

_____
Rosemary A. Macero (BBO # 544271)
Macero & Associates, P.C.
One Thompson Square, Suite 301
Boston, MA 02129
(617) 242-5000

Dated: March 16, 2005