# EXHIBIT A

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 04-11878-RCL

QWEST COMMUNICATIONS INTERNATIONAL INC., a Delaware corporation,

    Plaintiff,

v.

CONQWEST, INC., a Massachusetts corporation,

    Defendant.

---

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND THE COMPLAINT

---

Plaintiff, Qwest Communications International Inc. ("Qwest"), through its undersigned counsel, hereby submits its Reply in Support of Motion to Amend the Complaint to modify the Fourth Cause of Action from denial of trademark registration to cancellation of trademark registration. Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Amend the Complaint.

1.    Plaintiff filed its Motion to Amend the Complaint within the time prescribed under the Scheduling Order.[1] In response to Plaintiff's Motion, the Defendant argues that the Plaintiff has "waived its right to oppose the approval of the mark" and that the "Court should not

---

[1] The Defendant incorrectly states in ¶ 6 of their opposition that the "amendment time frame has passed." Plaintiff filed their Motion to Amend the Complaint on March 1, 2005, prior to the expiration of the period for Amendments set forth in the Scheduling Order.

allow Plaintiff to circumvent its failure to timely oppose the trademark application by allowing an amendment of the Complaint..." *See* Defendant's Opposition to Plaintiff's Motion to Amend the Complaint ("Opposition") at ¶¶ 3 and 5. By alluding to the fact that Plaintiff has somehow waived its right under 15 U.S.C. § 1119 or that the Plaintiff is attempting to "circumvent" some procedure or rule, the Defendant is misleading this Court.

    2.        Section 1119, 15 U.S.C. states:

> In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director, who shall make appropriate entry upon the records of the *Patent and Trademark Office, and shall be controlled thereby.* (emphasis added)

This section gives the Court concurrent jurisdiction with the Trademark Trial and Appeal Board ("TTAB") over registration and cancellation of trademarks in civil cases in which a registered mark is at issue, and provides that such determinations shall control the Patent and Trademark Office. *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 79 (1st Cir. 1996); *See W&G Tennessee Imports, Inc. v. Esselte Pendaflex Corp.*, 769 F.Supp. 264, 266 (M.D.Tenn. 1991). The power of this Court to determine registration or cancellation is in no way dependent on the Plaintiff's filing an opposition with the United States Patent and Trademark Office.

    3.        Furthermore, the determination of whether a mark is entitled to registration or whether a registered mark should be cancelled is not "more properly handled by the USPTO" as the Defendant asserts. *See* Opposition at ¶ 5. On the contrary, even the Trademark Trial and Appeal Board Manual of Procedure ("TBMP") § 510.02 allows for suspension of an opposition proceeding pending the outcome of a civil action between the parties in Federal district court.

Section 510.02(a) states "To the extent that a civil action in a Federal district court involves issues in common with those in a proceeding before the Board, the decision of the Federal district court is often binding upon the Board, while the decision of the Board is not binding upon the court." A copy of the relevant section of the TBMP is attached as Exhibit 1, for the Court's reference. Standard procedure is to stay the opposition proceeding in front of the TTAB if a lawsuit is pending in the Federal district court.

4. Plaintiff's Complaint currently contains a cause of action for denial of trademark registration pursuant to 15 U.S.C. § 1119. *See* Complaint, Fourth Cause of Action. The Plaintiff is requesting that the Complaint be amended to add cancellation of the trademark registration pursuant to the same statutory section, 15 U.S.C. § 1119.

5. Defendant's assertions that the period for discovery will need to be continued are completely unfounded. *See* Opposition at ¶ 6. There is no additional discovery which will be necessary in defending against a claim of refusal to register a trademark as opposed to trademark cancellation. They are founded on the same legal principles, the same Federal statute and the same facts.

6. There is no trial date in this matter and this Motion to Amend will not delay discovery or the trial of this matter. The Scheduling Order provides that the fact discovery deadline is set for June 15, 2005.

7. Pursuant to Fed.R.Civ.P. 15, motions to amend are to be freely granted when justice requires. Plaintiff was not required, under any rule or law to file an opposition to the registration of Defendant's trademark. Plaintiff has in no way waived their right to have this Court determine the validity of the Plaintiff's trademark.

3

WHEREFORE, the Plaintiff requests leave of this Court to amend the Complaint in the form of the Amended Complaint and Jury Demand previously submitted to this Court.

Respectfully submitted this _____ day of March, 2005.

_____
Christopher Weld, Jr. (BBO # 522230)
Raymond P. Ausrotas (BBO # 640315)
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (facsimile)

Kurt S. Lewis (Colo. Reg. No. 11,386)
LEWIS MEYERS & SCHEID LLC
2300 Fifteenth Street, Suite 320
Denver, Colorado 80202
(303) 534-5040
(303) 534-5039 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT 1

# TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP)

**Second Edition**
June 2003

Revision 1
March 2004

**United States Patent and Trademark Office**

# Chapter 500
# STIPULATIONS AND MOTIONS

dates reset upon the determination of a particular motion should file a motion requesting such action, and specifying the dates which it wishes to have reset.

Extensions of time to seek judicial review of a final decision of the Board (whether by way of appeal to the Court of Appeals for the Federal Circuit or by way of a civil action) may be granted by the Director upon written request, which should be directed to the Office of the Solicitor, not the Board.[165]

## 510 Motion to Suspend; Motion to Resume

*37 CFR § 2.117 Suspension of proceedings.*
*(a) Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a party or parties to a pending case are engaged in a civil action or another Board proceeding which may have a bearing on the case, proceedings before the Board may be suspended until termination of the civil action or the other Board proceeding.*

*(b) Whenever there is pending before the Board both a motion to suspend and a motion which is potentially dispositive of the case, the potentially dispositive motion may be decided before the question of suspension is considered regardless of the order in which the motions were filed.*

*(c) Proceedings may also be suspended, for good cause, upon motion or a stipulation of the parties approved by the Board.*
*37 CFR § 2.120(e)(2) When a party files a motion for an order to compel discovery, the case will be suspended by the Trademark Trial and Appeal Board with respect to all matters not germane to the motion, and no party should file any paper which is not germane to the motion, except as otherwise specified in the Board's suspension order. The filing of a motion to compel shall not toll the time for a party to respond to any outstanding discovery requests or to appear for any noticed discovery deposition.*

*37 CFR § 2.127(d) When any party files a motion to dismiss, or a motion for judgment on the pleadings, or a motion for summary judgment, or any other motion which is potentially dispositive of a proceeding, the case will be suspended by the [Board] with respect to all matters not germane to the motion and no party should file any paper which is not germane to the motion except as otherwise specified in the Board's suspension order. If the case is not disposed of as a result of the motion, proceedings will be resumed pursuant to an order of the Board when the motion is decided.*

---

[165] *See* 37 CFR § 2.145(e); *Appeals to the Federal Circuit from PTO*, 1120 TMOG 22 (November 13, 1990); and TBMP §§ 902.02 (Time for Filing Notice of Appeal) and 903.04 (Time for Filing Civil Action).

# Chapter 500
# STIPULATIONS AND MOTIONS

*37 CFR § 2.146(g) The mere filing of a petition to the Director will not act as a stay in any ... inter partes proceeding that is pending before the [Board] ... except when a stay is specifically requested and is granted ... .*

*37 CFR § 2.124(d)(2) [Depositions upon written questions] ...Upon receipt of written notice that one or more testimonial depositions are to be taken upon written questions, the Trademark Trial and Appeal Board shall suspend or reschedule other proceedings in the matter to allow for the orderly completion of the depositions upon written questions.*

## 510.01  In General

Flowing from the Board's inherent power to schedule disposition of the cases on its docket is the power to stay proceedings, which may be exercised by the Board upon its own initiative, upon motion, or upon stipulation of the parties approved by the Board.[166] Some of the most common reasons for suspension are discussed below.

## 510.02  Suspension Pending Outcome of Another Proceeding; Resumption

### 510.02(a)  Suspension

Whenever it comes to the attention of the Board that a party or parties to a case pending before it are involved in a civil action which may have a bearing on the Board case, proceedings before the Board may be suspended until final determination of the civil action.[167]

Most commonly, a request to suspend pending the outcome of another proceeding seeks suspension because of a civil action pending between the parties in a Federal district court. To the extent that a civil action in a Federal district court involves issues in common with those in a proceeding before the Board, the decision of the Federal district

---

[166] *See* 37 CFR § 2.117 and *Opticians Ass'n of America v. Independent Opticians of America Inc*, 734 F. Supp. 1171, 14 USPQ2d 2021 (D.N.J. 1990), *rev'd on other grounds*, 920 F.2d 187, 17 USPQ2d 1117 (3d Cir. 1990).

[167] *See* 37 CFR § 2.117(a); *General Motors Corp. v. Cadillac Club Fashions Inc*, 22 USPQ2d 1933 (TTAB 1992); *Toro Co v. Hardigg Industries, Inc*, 187 USPQ 689 (TTAB 1975), *rev'd on other grounds*, 549 F.2d 785, 193 USPQ 149 (CCPA 1977); *Other Telephone Co. v. Connecticut National Telephone Co.*, 181 USPQ 125 (TTAB 1974), *petition denied*, 181 USPQ 779 (Comm'r 1974); *Tokaido v. Honda Associates Inc.*, 179 USPQ 861 (TTAB 1973); *Whopper-Burger, Inc. v. Burger King Corp*, 171 USPQ 805 (TTAB 1971); and David B. Allen, *TIPS FROM THE TTAB: Impact of TTAB Decisions in Civil Litigation: The Alphonse-Gaston Act*, 74 Trademark Rep. 180 (1984).

# Chapter 500
# STIPULATIONS AND MOTIONS

court is often binding upon the Board, while the decision of the Board is not binding upon the court.[168]

Further, pursuant to 37 CFR § 2.117(a), the Board may also, in its discretion, suspend a proceeding pending the final determination of another Board proceeding in which the parties are involved,[169] or a civil action pending between the parties in a state court,[170] or a foreign action between the parties, wherein one party challenges the validity of a foreign registration upon which the other party's subject application is based,[171] or even another proceeding in which only one of the parties is involved.[172]

Ordinarily, the Board will suspend proceedings in the case before it if the final determination of the other proceeding will have a bearing on the issues before the Board.[173]

---

[168] *See, for example, Goya Foods Inc v. Tropicana Products Inc*, 846 F.2d 848, 6 USPQ2d 1950, 1954 (2d Cir. 1988) (doctrine of primary jurisdiction might be applicable if a district court action involved only the issue of registrability, but would not be applicable where court action concerns infringement where the interest in prompt adjudication far outweighs the value of having the views of the PTO); *American Bakeries Co v. Pan-O-Gold Baking Co*, 650 F. Supp. 563, 2 USPQ2d 1208 (D Minn 1986) (primary jurisdiction should not be invoked where, inter alia, a stay of the district court action is more likely to prolong the dispute than lead to its economical disposition and where the district court action includes claims which cannot be raised before the Board); and *Toro Co v. Hardigg Industries, Inc*, supra at 692.
*Cf Larami Corp. v Talk To Me Programs Inc*, 36 USPQ2d 1840, 1844-1845 (TTAB 1995) (district court finding concerning priority of use not binding in view of differences in interpretation of Section 7(c) by Board and court, and finding regarding priority of secondary meaning not binding because said issue was not involved in the Board proceeding); Marc A. Bergsman, TIPS FROM THE TTAB: *The Effect of Board Decisions in Civil Actions; Claim Preclusion and Issue Preclusion in Board Proceedings*, 80 Trademark Rep. 540 (1990); and David B. Allen, TIPS FROM THE TTAB: *Impact of TTAB Decisions in Civil Litigation: The Alphonse-Gaston Act*, supra.

[169] *Cf The Tamarkin Co v. Seaway Food Town Inc*, 34 USPQ2d 1587, 1592 (TTAB 1995) (suspended pending outcome of ex parte prosecution of opposer's application).

[170] *See Mother's Restaurant Inc v. Mama's Pizza, Inc*, 723 F.2d 1566, 221 USPQ 394 (Fed. Cir. 1983) (state court infringement action); *Professional Economics Incorporated v. Professional Economic Services, Inc*, 205 USPQ 368, 376 (TTAB 1979) (decision of state court, although not binding on the Board, was considered persuasive on the question of likelihood of confusion); and *Argo & Co. v. Carpetsheen Manufacturing, Inc*, 187 USPQ 366 (TTAB 1975) (state court action to determine ownership of applicant's mark and authority of applicant to file application)

[171] *See Marie Claire Album S A v. Kruger GmbH & Co KG*, 29 USPQ2d 1792 (TTAB 1993) (opposition suspended pending decision of German court on validity of foreign registration which is the basis of the U.S. application involved in the opposition).

[172] *See Argo & Co. v. Carpetsheen Manufacturing, Inc*, supra (state court action between applicant and third party to determine ownership of applicant's mark).

[173] *See* 37 CFR § 2.117(a) and, *for example, General Motors Corp v Cadillac Club Fashions, Inc*, 22 USPQ 1933 (TTAB 1992) (relief sought in Federal district court included an order directing Office to cancel registration involved in cancellation proceeding); *Other Telephone Co v. Connecticut National Telephone Co*, 181 USPQ 125

# Chapter 500
# STIPULATIONS AND MOTIONS

Suspension of a Board proceeding pending the final determination of another proceeding is solely within the discretion of the Board; the court in which a civil action is pending has no power to suspend proceedings in a case before the Board,[174] nor do parties or their attorneys.[175] However, if, as sometimes happens, the court before which a civil action is pending elects to suspend the civil action to await determination of the Board proceeding and the Board is so advised, the Board will go forward with its proceeding.[176]

When a motion to suspend pending the outcome of a civil action is filed, the Board normally will require that a copy of the pleadings from the civil action be submitted, so that the Board can ascertain whether the final determination of the civil action will have a bearing on the issues before the Board.[177] This requirement ordinarily is waived if the parties stipulate to the suspension.

The Board does not usually require that an issue be joined (that an answer be filed) in one or both proceedings before the Board will consider suspending a Board proceeding pending the outcome of another proceeding.[178] Such a requirement is made only in those cases where there is no stipulation to suspend and it is not possible for the Board to ascertain, prior to the filing of an answer in one or both proceedings, whether the final determination of the other proceeding will have a bearing on the issues before the Board.

---

(TTAB 1974) (decision in civil action for infringement and unfair competition would have bearing on outcome of Section 2(d) claim before Board), *petition denied*, 181 USPQ 779 (Comm'r 1974). *See also Tokaido v Honda Associates Inc.*, 179 USPQ 861 (TTAB 1973); *Whopper-Burger, Inc. v Burger King Corp.*, 171 USPQ 805 (TTAB 1971); and *Martin Beverage Co. v Colita Beverage Corp.*, 169 USPQ 568 (TTAB 1971).

But see *Boyds Collection Ltd v Herrington & Co.*, 65 USPQ2d 2017 (TTAB 2003) (petitioner's motion to suspend filed after trial denied as untimely, and in any event, petition was dismissed since petitioner's only proffered evidence had been stricken); *E.I. du Pont de Nemours & Co v G.C. Murphy Co*, 199 USPQ 807, 808 n.3 (TTAB 1978) and *Ortho Pharmaceutical Corp v Hudson Pharmaceutical Corp*, 178 USPQ 429 (TTAB 1973) (in each case, a motion to suspend filed after the conclusion of testimony and briefing periods, when the Board proceeding was ready for decision, was denied).

[174] See *Opticians Ass'n of America v Independent Opticians of America Inc.*, 734 F. Supp 1171, 14 USPQ2d 2021 (D.N.J. 1990) (district court has no control over Board docket and no power to stay Board proceedings), *rev'd on other grounds*, 920 F.2d 187, 17 USPQ2d 1117 (3d Cir 1990).

[175] See *Martin Beverage Co v Colita Beverage Corp*, 169 USPQ 568 (TTAB 1971)).

[176] See David B. Allen, *TIPS FROM THE TTAB: Impact of TTAB Decisions in Civil Litigation: The Alphonse-Gaston Act*, 74 Trademark Rep 180 (1984).

[177] See *Forest Laboratories Inc. v G.D. Searle & Co.* 52 USPQ2d 1058 (TTAB 1999) and *SCOA Industries Inc v Kennedy & Cohen, Inc*, 188 USPQ 411 (TTAB 1975), *appeal dismissed*, 189 USPQ 15 (CCPA 1976).

[178] See *Other Telephone Co v Connecticut National Telephone Co.*, *supra*.

# Chapter 500
# STIPULATIONS AND MOTIONS

If there is pending, at the time when the question of suspension of proceedings before the Board is raised, a motion which is potentially dispositive of the case, the potentially dispositive motion may be decided before the question of suspension is considered.[179] The purpose of this rule is to prevent a party served with a potentially dispositive motion from escaping the motion by filing a civil action and then moving to suspend before the Board has decided the potentially dispositive motion.[180] However, the Board, in its discretion, may elect to suspend without first deciding the potentially dispositive motion.

### 510.02(b) Resumption

When a proceeding before the Board has been suspended pending the outcome of another proceeding, and that other proceeding has been finally determined, the interested party should notify the Board in writing of the disposition of the other proceeding, and requesting that further appropriate action be taken in the Board proceeding. Usually, the interested party requests, as a result of the decision in the other proceeding, that judgment be entered in its behalf on one or more issues in the Board proceeding. A copy of the decision in the other proceeding should accompany the notification. Absent any such notification as to the final determination of the civil action, cases which have been suspended pending civil action will remain in a suspended status for two years before the Board will issue an order requiring the parties to provide the status of the civil action.

A proceeding is considered to have been finally determined when a decision on the merits of the case (i.e., a dispositive ruling that ends litigation on the merits) has been rendered, and no appeal has been filed therefrom, or all appeals filed have been decided.

### 510.03 Suspension for Other Reasons; Resumption

### 510.03(a) Suspension

The Board suspends proceedings in cases before it for a wide variety of reasons including those discussed below.

***Upon motion or upon stipulation.*** Proceedings may be suspended for good cause upon motion or upon stipulation of the parties approved by the Board.[181] For example,

---

[179] *See* 37 CFR § 2.117(b). *See also Boyds Collection Ltd v. Herrington & Co., supra* (motion to strike petitioner's notice of reliance, its only evidence in the case, decided before motion to suspend, and granted).

[180] *See* David B. Allen, *TIPS FROM THE TTAB - Impact of TTAB Decisions in Civil Litigation: The Alphonse Gaston Act, supra*

[181] *See* 37 CFR § 2.117(c).