UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 04-11878-RCL |
| v. | ) ) | |
| CONQWEST, INC., a Massachusetts corporation, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT, CONQWEST, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Now Comes Defendant, CONQWEST, INC. ("Defendant") and moves this Court to Compel the Plaintiff, Qwest Communications International, Inc.'s response to the Defendant's First Requests for the Production of Documents under Fed.R.Civ.P. Rule 34 on or before January 31, 2006. For cause, the Defendant states that on February 1, 2005, Defendant served Defendant's Responses to Requests for the Production of Documents on Plaintiff, Qwest Communications International, Inc. ("Plaintiff"). (A copy of the Defendant's First Request for the Production of Documents is attached hereto as Exhibit "A"). Plaintiff failed and refused to respond to Defendant's First Request for the Production of Documents within thirty (30) days from the date of service and has not filed responses to date. The time within which the Plaintiff was required to serve responses to the First Request for the Production of Documents expired on March 4, 2005. To date, the Plaintiff has failed and refused to provide its responses to the Defendant's Requests for the Production of Documents numbered **1** through **62**.

The Plaintiff failed to provide any responses to the Defendant's First Request for the Production of Documents. Since November 2005 the Plaintiff has provided two (2) documents as attachments to correspondence and produced certain documents from 2004. These documents from 2004 are non-responsive since they do not involve the relevant time period of pre-1999-2004. In addition, these 2004 documents relate only to the Plaintiff's business during 2004 and are in the form of archived web-pages. The Plaintiff has failed and refused to provide a single document which demonstrates the Plaintiff's pre-1999 use of the "QWEST" trademark for any of the products and services provided by the Defendant, or any uses of trademarks in the geographic region where the Defendant was located at any time. The Defendant's first use of the trademark "CONQWEST" was in 1999 and its trademark application was filed in 2000. As such, the Plaintiff's documents relative to the year 2004 are non-responsive.

The Plaintiff has failed to provide any discovery or any other documentary proof of its claims. Therefore, this Court must compel the production documents that Defendant is seeking as the documents are within the scope of discovery under Fed.R.Civ.P. 26. The requested documents are directly related to the Plaintiff's proof of its claims, are essential to the Defendant's defenses, and are reasonably calculated to lead to the discovery of admissible evidence. The Defendant requests this Court to order the Plaintiff to produce the responses and all responsive documents on or before January 31, 2006, or in the alternative, to dismiss the Plaintiff's claims.

**FACTUAL BACKGROUND**

The Plaintiff commenced this action in the United States District Count, District of Massachusetts against the Defendant, alleging Trademark Infringement under 15

U.S.C. § 1114(1), Trademark Infringement, Unfair Competition, and False Designation of Origin under 15 U.S.C. § 1125(a), Trademark Dilution under 15 U.S.C. § 1125(c), Denial of Trademark Registration under 15 U.S.C. § 1119, and State Dilution under M.G.L. c. 110B § 12.

The Plaintiff claims to have used the trademark "QWEST" and a stylized "Q" in relation to its goods and services provided by the Defendant prior to 1999.  The Plaintiff claims that the goods and services offered by the Defendant are substantially similar to the goods and services offered by the Plaintiff.  The Plaintiff has failed and refused to provide any proof of any superseding use or prior use in this geographic region, or to demonstrate the similarity between the goods and services offered by the Plaintiff and the Defendant.

The Plaintiff has the burden to show that it provided the claimed services prior in time to the Defendant.  The Plaintiff, according to its website, <qwest.com>, is a provider of long distance and local telephone services, telecommunication services, high speed internet access and DSL services, wireless telecommunications services, television services, and Boardband and Voice Over IP (VoIP) services.  By contrast, the Defendant is a provider of internet security evaluation services, audits and other internet security solutions to its customers.  The Defendant also sells, services and maintains various software products manufactured by others and marketed under the copyrights, trademarks, trade names of those producers under licenses with the Defendant.

The Defendant first used the mark "CONQWEST" in 1999 in connection with its goods and services provided in the northern region of the United States and file a trademark application in November 1999.  The Defendant's goods and services include

internet security evaluations, audits and other internet security solutions to its customers. The Defendant also sells, services and maintains various software products manufactured by others and marketed under the copyrights, trademarks, trade names of those producers under licenses with them. The Defendant has never provided telephone, voice, data, or internet services to any customer at any time.

On November 22, 2005, the Defendant, through written correspondence, requested that the Plaintiff respond to the outstanding discovery. Plaintiff failed and refused to respond to any outstanding discovery, including the Defendant's First Request for the Production of Documents. On November 30, 2005, the Defendant made a second request for responses to the Defendant's First Request for the Production of Documents. The Plaintiff has failed and refused to provide any response to the Defendant's First Request for the Production of Documents.

ARGUMENT

The Court must compel the Plaintiff to produce all documents responsive to Defendant's First Request for the Production of Documents because the information requested is material to the Defendant's defenses and to proof of the Plaintiff's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26. The Plaintiff has the burden of proof and persuasion in this case. The Defendant is entitled to conduct discovery to determine the nature and extent of the Plaintiff's proof, documentary and otherwise, associated with the Plaintiff's claims. Fed.R.Civ.P. 26. <u>Klonoski v. Mahlab</u>, 156 F.3d 255 (N.H. 1998). The Court in <u>Klonoski v. Mahlab</u> concluded that one of the purposes of the discovery rules is to "provide the fullest possible pretrial disclosure of admissible evidence, to reduce the possibility of

surprise." Id. at 271.  The Court continued by stating that they "have recently condemned trial by ambush tactics." Id. at 271.  If the Plaintiff fails and refuses to provide responses to discovery, this Court may compel such the Plaintiff to respond to discovery and produce the responsive documents.  Fed.R.Civ.P. 37(a).  The Plaintiff failed and refused to respond to the Defendant's First Request for the Production of Documents.

All of the requested documents are within the scope of Fed.R.Civ.P. Rule 26 as they are clearly relevant to the subject matter of this action and are reasonably calculated to lead to the discovery of admissible evidence regarding the subject matter of this action. Fed.R.Civ.P. 26(b)   Defendant's counsel has made efforts to review documents publicly available.  The Plaintiff has failed and refused to produce any documents upon which it relies on as proof of its claims of prior use, specifically of the goods and services provided in this geographic region.  The Plaintiff has failed and refused to respond to the Defendant's First Request for the Production of Documents.  The Plaintiff has failed and refused to provide any reason as to why it has not responded.

Defendant's counsel has also made a good faith effort to discuss with the Plaintiff's counsel the Plaintiff's failure and refusal to provide the requested documents. The Defendant is a party and pursuant to Rule 34(c), and as such, has a duty to respond to the entire request within thirty (30) days of service.  Fed.R.Civ.P. 34(c).

Specifically, the documents requested relate to the Plaintiff's proof because they relate to the nature, extent and volume of goods and services offered by the Plaintiff prior to 1999-2004 in the relevant geographic markets and the Plaintiff's use of the trademark in connection with sales.  The Plaintiff claims to have begun offering the services (which the Plaintiff claims are substantially similar to those goods and services offered by the

Defendant) at times prior to the Defendant's offering the goods and services (in 1999) in the same channels of trade which the Plaintiff alleges it utilized to distribute goods and services. The Plaintiff has presented no proof, documentary or otherwise, in support of any of its claims.

      The Plaintiff now claims it acquired other companies' pre-1999 which it claims provided substantially similar goods to the Defendant which form the basis for its trademark use in connection with the goods and services prior in time to the Defendant. The Plaintiff has provided no documentary evidence of such use of the trademarks pre-1999 in connection with these acquired company's goods and services. The Plaintiff has failed to demonstrate customers in this geographic region, or similarly, the goods and services purchased by these customers in this geographic region and the market share for each good and service provided by the Plaintiff in this geographic region. The Defendant contends that the Plaintiff either has no documents or that the Plaintiff's documents will show that the Defendant's use of the trademark "CONQWEST" predated any use of the trademark for the relevant goods and services. As such, there is no confusion and no dilution of the Plaintiff's trademarks. The discovery rules are designed to prevent litigation "by ambush" and the Plaintiff must be compelled to provide responsive documents or have its claims dismissed. Klonoski v. Mahlab, 156 F.3d 255 (N.H. 1998). Without these documents, the Plaintiff can not prove its claims and the Defendant is prevented from setting forth all of its defenses to the Plaintiff's claims. As such, this Court must compel the Plaintiff to respond to the Defendant's First Request for the Production of Documents.

      The Defendant's requests seek documents that are well within the scope of

discovery, and are documents that relate to the Plaintiff's claims of trademark infringement, dilution, confusion, the Plaintiff's use of the "QWEST" trademark, and the Defendant's use of the "CONQWEST" trademark. As such, the Court must compel the Plaintiff to produce the documents responsive to requests numbered **1 through 62** as the Defendant has failed and refused to provide documents responsive to said requests. Fed.R.Civ.P. 37(a).

WHEREFORE, the Defendant requests this Court to order the Plaintiff to produce the responses and all responsive documents on or before January 31, 2006, or in the alternative, to dismiss the Plaintiff's claims with prejudice and award the Defendant costs of the suit.

Respectfully submitted,

Defendant,
CONQWEST, INC.,
By its attorney:

*/s/ Rosemary A. Macero*

_____
Rosemary A. Macero (BBO # 544271)
Macero & Associates, P.C.
One Thompson Square, Suite 301
Boston, MA 02129
(617) 242-5000

Dated: January 10, 2006