UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

DOCKET NO. 04-11878-RCL

|  |  |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware Corporation, | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| CONQWEST, INC., a Massachusetts Corporation | ) ) |
| Defendant. | ) ) |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF QWEST COMMUNICATIONS INTERNATIONAL, INC.**

The Defendant CONQWEST, Inc. ("Defendant") hereby propounds this First Request for Production of Documents to the Plaintiff Qwest Communications International, Inc. ("Plaintiff") pursuant to Fed.R.Civ.P. 34. The Plaintiff shall make all documents which are the subject of this request available for inspection and copying or send copies responsive to this request to the offices of Macero and Associates, P.C., One Thompson Square, Suite 301, Boston, Massachusetts 02129, on or before the expiration of thirty (30) days from the service of the request.

This Request for Production of Documents is a continuing demand and if any of the documents herein come into the Plaintiff's constructive possession after the date of this demand, they are to be furnished in accordance with this demand. If the Plaintiff claims a privilege to any of the documents which are the subject of the request the Plaintiff is required to identify each and every document to which a privilege is claimed, including the date of the document, the nature or

type of the document, the author of the document, each recipient of the document and the nature of the privilege claimed. If the Plaintiff fails to supply the documents requested herein in the manner requested herein, the Plaintiff may be precluded upon the trial of this action from offering into evidence or testifying as to any document requested herein. If any document request herein formerly was in the Plaintiff's possession, custody or control but has been lost, destroyed, or otherwise disposed of, the Plaintiff is instructed to submit, in lieu of such document, a written statement providing the following information:

1. A detailed description of the nature of the document and its contents, the name of the persons(s) who prepare or authored the document and, if applicable, the person(s) to whom the document was sent;
2. The date on which the document was prepared or transmitted; and
3. The date on which the document was lost, destroyed or otherwise disposed of, or, if known and, if the document was destroyed or otherwise disposed of, the conditions of and reasons for such disposition and the person(s) requesting and performing the disposition.

If any document is responsive to this request, but is no longer in the Plaintiff's possession, custody, or control (whether actual or constructive), or is no longer in existence, state whether it is:

1. Missing or lost;
2. Has been destroyed;
3. Has been transferred, voluntary or involuntary, to others; or
4. Otherwise disposed of, and in each instance, explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

## DEFINITIONS

1. The terms **YOU**, **YOUR**, **YOURSELF**, **QWEST** and **PLAINTIFF** means the Plaintiff Qwest Communications International, Inc.

2. **CONQWEST** and **DEFENDANT** shall mean the Defendant CONQWEST, Inc.

3. **DOCUMENT(S)** means any written, typewritten, emailed, electronic, printed, photocopied, drawn, graphic, pictorial, photographic, tape-recorded, videotape-recorded, filmed, microfilmed, electronic and computerized materials of every description presently

2

       in your possession, custody or control, and/or formerly in your possession, custody or control, but presently unavailable due to loss, destruction, transferal or disposal of the same including, by way of illustration and not by way of limitation, the following:

1. blueprints, plans, sketches, diagrams, drawings, maps, charts, graphs and models, including preliminary drafts of any of the foregoing;
2. books, logs, diaries, journals, ledgers, checklists, notebooks and reports, including preliminary drafts of any of the foregoing;
3. notes, minutes of meetings, memoranda, letters, correspondence, telegrams and notations and records of telephone calls and conversations including preliminary drafts of any of the foregoing;
4. photographs, films, microfilms, tapes, videotapes and recordings, including out-takes of any of the foregoing;
5. computer lists, printouts, programs and data, e-mail including dates of revision of any document;
6. mathematical computations and data;
7. purchase orders, invoices, confirmations, contracts, agreements, sales slips, receipts, bills and canceled checks;
8. advertisements, catalogues, brochures and circulars, including preliminary drafts and amended or modified versions of any of the foregoing.

4. **COMMUNICATION(S), COMMUNICATE(D)** means the presentment of any information, written, oral, or otherwise to another person and/or legal entity, including but not limited to emails, letters, notes, minutes of meetings, memoranda, notes evidencing communication, correspondence, telegrams and notations and records of telephone calls and conversations including preliminary drafts of any of the foregoing.

5. **IDENTIFY** or **IDENTIFICATION**

    a) with respect to **DOCUMENTS**, specify the date of preparation, identify the person(s) who prepared the document or caused it to be prepared, identify the person(s) to whom the document was directed or communicated, and describe the document in a way that distinguishes it from all other documents;

    b) with respect to **NATURAL PERSONS**, state the full name, residential address, business address, date of birth, social security number, occupation, employer, job title and job description of the person;

    c) with respect to **LEGAL ENTITIES OTHER THAN NATURAL PERSONS**, state the entity's full legal name and the business address of its principal place of business. If the entity is a corporation, specify the date and state of its incorporation. If the entity is a partnership, identify the partners. If the entity is neither a corporation nor a partnership, identify the principal(s) of the entity.

6.  **STATEMENT** means:

   a) a written statement, signed or otherwise adopted or approved by the author thereof; and
   b) a stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the declarant thereof and contemporaneously recorded.

## DOCUMENTS REQUESTED

REQUEST NO. 1:
Copies of any and all documents which show, describe, depict or demonstrate the nature, extent, and volume of goods or services, as defined in Paragraph 9 of the Plaintiff's Complaint, as being sold in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 2:
Copies of any and all documents which show, describe, depict or demonstrate all companies, entities, organizations, and individuals that have purchased or otherwise obtained whether as a re-seller or an O.E.M. of goods or services from Qwest since 1993, including the name, address, and telephone number of the customers, purchasers or re-sellers and the identity of the person(s) who negotiated or otherwise handled the purchase of the service from Qwest.

REQUEST NO. 3:
Copies of any and all communications, transmittals, and submittals between the Plaintiff and the Defendant of the Plaintiff at any time and including supporting documentation.

REQUEST NO. 4:
Copies of any and all communications, emails, transmittals, requests, submittals, and filings between the Plaintiff and any government agency or organization regarding trademarks and service marks.

REQUEST NO. 5:
Copies of any and all trademarks and service marks issued to the Plaintiff by any government or state agency.

REQUEST NO. 6:
Copies of any and all documents which the Defendants have supplied to any expert witness in the instant matter, at any time.

REQUEST NO. 7:
Copies of any and all documents supplied by any expert witness in the instant case, including but not limited to any and all evaluations, opinions or reports.

REQUEST NO. 8:
Copies of the resume or curriculum vitae and any and all articles, books, treatises, or other written information written or produced by any expert who will testify on your behalf in the case.

REQUEST NO. 9:
Copies of any and all documents which describe, depict, explain or refer to the goods and services offered by the Plaintiff in any market and at any time since 1993.

REQUEST NO. 10:
Copies of any and all documents submitted or created by any principal, employee, or agent of the Plaintiff which relate in any way to the Plaintiff's trademarks and service marks.

REQUEST NO. 11:
Copies of any and all documents regarding any patent or trademark enforcement actions by Plaintiff in any market and at any time since 1999.

REQUEST NO. 12:
Copies of any and all documents submitted or created by any principal, employee, or agent of the Plaintiff which relate in any way to Trademark Registration Numbers [1,966,694], [2,210,992], and [2,659,826].

REQUEST NO. 13:
Copies of any and all sales, marketing, advertising, and promotional documents, including but not limited to brochures, advertisements, pamphlets and website content that describe the goods and services offered by the Plaintiff since 1999.

REQUEST NO. 14:
Copies of any and all statements of individuals from whom the Plaintiff, attorney(s) and/or investigator(s) have secured statements, or from whom statements have been secured or whose statements have been made available to the Plaintiff regarding this lawsuit or who have any information about the claims.

REQUEST NO. 15:
Copies of any and all documents that list the principals, directors, officers, and agents of the Plaintiff since 1999.

REQUEST NO. 16:
Copies of any and all documents that describe, depict, explain or refer the nature of Qwest's business since 1993.

REQUEST NO. 17:
Copies of any and all documents that describe, depict, explain or refer the nature of Qwest's customers since 1993, including any and all marketing studies, reports, and research and the identity of the individuals or entities that conducted such studies, reports, or research.

REQUEST NO. 18
Copies of any and all documents pertaining to when Qwest claims to have begun offering services that were the same or substantially the same as the services offered by Defendant in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 19:
Copies of any and all documents which support, describe, depict, explain or refer the Plaintiff's assertion that Qwest is among the largest providers of communications goods and services to business and residential consumers.

REQUEST NO. 20:
Describe all telecommunications services, including but not limited to telephone services, long-distance telephone services, ISP services, etc. offered to any customers or re-sellers in any market and for a period from 1993 to the current date.

REQUEST NO. 21:
Copies of any and all documents which support, describe, depict, explain or refer the Plaintiff's assertion that Qwest is a recognized leader in its industry.

REQUEST NO. 22:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's managed security services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 23:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's virus protection services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 24:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's network intrusion detection services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 25:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's virtual private network services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 26:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's e-policy management services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 27:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's internet services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 28:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's network management services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 29:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's design of data information networks services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 30:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's computer programs services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 31:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's installation and maintenance of electronic data and information networks services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 32:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's intranet services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 33:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's extranet services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 34:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's digital fiber network services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 35:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's broadband multimedia services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 36:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's switched digital services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 37:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's local and long distance telephone services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 38:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's call back services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 39:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's frame relay services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 40:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's wireless telecommunications services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 41:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's credit cards and credit card services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 42:
Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's services described in Paragraphs 11, 12,13, 14, 15 and 16 of the Complaint in this case since 1993.

REQUEST NO. 43:
Copies of any and all documents pertaining to the Plaintiff's ownership of trademarks and service marks incorporating the elements "QWEST" and "Q" and the date first used by Plainitff.

REQUEST NO. 44:
Copies of any and all documents pertaining to the Plaintiff's presentation of trademarks and service marks in "special form" as set forth in Paragraph 11 of the Complaint.

REQUEST NO. 45:
Copies of any and all documents pertaining to the Plaintiff's pending United States Trademark Applications that include the marks "QWEST" and "Q".

REQUEST NO. 46:
Copies of any and all documents listing any and all of the Plaintiff's predecessors in interest.

REQUEST NO. 47:
Copies of any and all documents which support, describe, depict, explain, refer or relate to Plaintiff's objection to Defendant's withdrawn trademark application.

REQUEST NO. 48:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 22 of the Complaint that the Plaintiff's trademarks and service marks have gained strong public recognition and are "famous and renown".

REQUEST NO. 49:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 23 of the Complaint, that consumers are well-aware of the Plaintiff's trademarks and service marks and would consider them to be "famous and renown".

REQUEST NO. 50:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 28 of the Complaint, that the Defendant knew of the Plaintiff's trademarks and service marks at the time it adopted the marks in question in this case.

REQUEST NO. 51:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 30 of the Complaint, that the Defendant's trademarks and service marks dilute the Plaintiff's trademarks and service marks.

REQUEST NO. 52:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 31 of the Complaint, that the Defendant's trademarks and service marks are confusingly similar to the Plaintiff's trademarks and service marks.

REQUEST NO. 53:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 33 of the Complaint, that the Defendant's goods and services are identical or highly related to the Plaintiff's goods and services.

REQUEST NO. 54:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 45 of the Complaint that the Defendant's actions are likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry and all channels of trade in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 55:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 46 of the Complaint, that the Defendant's actions are likely to cause dilution for the "famous" Qwest marks in the United States, particularly in the regions of the United States situated east of the Mississippi River.

REQUEST NO. 56:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 47 of the Complaint, that the Defendant's actions have been deliberate, willful, and with disregard to the rights of the Plaintiff.

REQUEST NO. 57:
Copies of any and all documents which show, describe, depict, explain or refer to the market share for each state and each region by number of customers, revenue generated revenue share and any other comparative method.

REQUEST NO. 58:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 51 of the Complaint, that the Defendant's acts constitute use in commerce of a reproduction, counterfeit, copy, or colorable imitation of any of Plaintiff's registered trademarks at any time since 1999, in connection with the sale, offering for sale, distribution or advertising of any products and services offered by Plaintiff.

REQUEST NO. 59:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 51 of the Complaint, that the Defendant's acts constitute use in commerce of a reproduction, counterfeit, copy, or colorable imitation of any of Plaintiff's registered trademarks at any time since 1999, in connection with which such use is likely to cause confusion or to cause mistake or to deceive.

REQUEST NO. 60:
Copies of any and all documents which show, describe, depict, explain or refer to confusion between Plaintiff's marks and Defendant's use of "CONQWEST" as a trade name.

REQUEST NO. 61:
Copies of any and all documents that support, describe, depict, explain or refer to the Plaintiff's assertion that it has suffered and continues to suffer irreparable injury for which no adequate remedy exists at law.

REQUEST NO. 62:
Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 55 of the Complaint, that the Defendant's acts constitute false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public.


Date: February 1, 2005


                Defendant,
                CONQWEST, Inc.
                By their attorneys,

_____
Rosemary A. Macero, BBO# 544271

_____
Richard F. Cheslofska, BBO# 658710
Macero & Associates, P.C.
One Thompson Square, Suite 301
Boston, MA  02129
617-242-5000

11