UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
QWEST COMMUNICATIONS )
INTERNATIONAL, INC., )
a Delaware corporation, )
 )
      Plaintiff, )
 ) CIVIL ACTION NO.: 04-11878-RCL
v. )
 )
CONQWEST, INC., )
a Massachusetts corporation, )
 )
      Defendant. )
_____)

**MOITON TO ALLOW DEFENDANT, CONQWEST, INC. TO FILE AN
AMENDED ANSWER AND COUNTERCLAIMS**

    Defendant, CONQWEST, INC. (hereinafter "Defendant"), through its undersigned counsel, and pursuant to Fed.R.Civ.P. 15(a), hereby moves this Court for leave to serve an Amended Answer and Counterclaim to assert Counterclaims against Plaintiff, Qwest Communications International, Inc. (hereinafter "Plaintiff").

    For cause, the Defendant states that its assertion of Counterclaims against Plaintiff relates to the Plaintiff's knowing and blatant infringement and dilution of Defendant's Trademark Serial Number 76/050,931 for the mark "CONQWEST."  (A Copy of the Proposed Amended Answer and Counterclaims is attached hereto as Exhibit "A").  On or about May 2000 Defendant filed Trademark Serial Number 76/050,931 for the mark "CONQWEST."  On or about June 2004, Plaintiff filed this action for, among other things, infringement and dilution of its trademarks by Defendant.  On or about February 17, 2005, the United States Patent and Trademark Office approved Defendant's Trademark Application Serial Number 76/050,931 for "CONQWEST" without

opposition from Plaintiff.  On or about June 2004, Qwest began the promotion of a website <www.conqwest2004.com>, which purports to be a game but seems to be an advertising campaign for Qwest's wireless communications division.  Likewise on or about June 2005, Qwest began the promotion of a website <www.conqwest2005.com> for the same purposes as described above.  Qwest marketed these websites to current wireless communications users and potential users through the use of the websites <www.conqwest2004.com> and <www.conqwest2005.com> in commerce with the full knowledge that Defendant had filed Trademark Serial Number 76/050,931 for the mark "CONQWEST" which was approved on or about February 17, 2005.

Defendant states that there is no prejudice in this Court allowing Defendant to assert Counterclaims at this time.  As a result of the breakdown in settlement discussions, the necessity of filing these Counterclaims has recently become known.  The parties were engaged in settlement discussions from February 2005 until December 2005.  Since February 2005 the parties have attempted to settle this matter independently and through the mediation of this Court to no avail.  Defendant states that it did not move this Court to amend its answer to asset Counterclaims during settlement negotiations as the assertion of Counterclaims during settlement negotiations would have proven counter productive to settlement discussions.

Defendant states that neither party will be prejudiced by the amendment of Defendant's Answer to assert Counterclaims as the time allowed for fact discovery, per this Court's order of January 23, 2006, runs until February 28, 2006.  The Plaintiff has provided no discovery to date except for a Supplemental Corporate Disclosure dated

1/17/06.  Discovery has just begun, therefore Plaintiff will have ample opportunity to conduct discovery with regard to these Counterclaims and will not be prejudiced thereby.

Further, the amendment of Defendant's Answer to assert Counterclaims relating to Plaintiff's knowing and blatant infringement and dilution of Defendant's Trademark does not prejudice the Plaintiff as the Plaintiff has failed and refused to respond to any and all discovery as of this date.  The parties have discussed the Plaintiff's failure and refusal to respond to Defendant's discovery requests, however, Plaintiff has failed and refused to provide any responses to date.  Also, Plaintiff has chosen not to serve any form of discovery on the Defendant relative to any of the claims made by the Plaintiff or to any of the Affirmative Defenses asserted by Defendant with exception of one deposition notice send on January 11, 2006.  Therefore, Plaintiff will not be prejudiced by the amendment of the Answer to assert Counterclaims as it will have ample opportunity to respond to and serve discovery related to all claims, including Defendant's Counterclaims.

Finally, the inclusion of these Counterclaims is appropriate since any such recovery by Defendant on these Counterclaims may act as a potential set-off to Plaintiff's claims.  The filing of a separate action relative to the Counterclaims would undercut judicial economy.

WHEREFORE, the Defendant respectfully request that this Court allow the instant Motion to Amend, as more fully set forth in the Proposed Amended Answer and Counterclaims.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

The undersigned counsel spoke with counsel for Plaintiff, Heidi Harvey, on January 19, 2006 and January 24, 2006, regarding the subject matter of this Motion, and as noted above, Plaintiff has not assented to the amendment of Defendant's Answer to assert Counterclaims.

                                        Respectfully submitted,

                                        Defendant,
                                        CONQWEST, INC.,
                                        By its attorney:

                                        */s/ Rosemary A. Macero*
                                        _____
                                        Rosemary A. Macero (BBO # 544271)
                                        Macero & Associates, P.C.
                                        One Thompson Square, Suite 301
                                        Boston, MA 02129
                                        (617) 242-5000

Dated: January 24, 2006