UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 04-11878-RCL |
| v. | ) ) | |
| CONQWEST, INC., a Massachusetts corporation, | ) ) ) | |
| Defendant. | ) ) | |

**PROPOSED AMENDED ANSWER, COUNTERCLAIMS AND JURY CLAIM OF DEFENDANT CONQWEST, INC.**

NOW COMES the Defendant, ConQwest, Inc.("Defendant") ("misnomer"), and pursuant to Fed.R.Civ.P. 15(a), files this Amended Answer and Counterclaims, and answers the allegations set forth in the Complaint of the Plaintiff, Qwest Communications International, Inc. ("Plaintiff"), as follows:

**FIRST DEFENSE**
**(PARTIES, JURISDICTION, AND VENUE)**

1. Defendant admits the allegation set forth in paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in paragraph 2 of the Complaint and calls upon Plaintiff to prove the same.

3. Defendant admits that jurisdiction is vested in this Federal Court, but denies the remainder of the allegations set forth in Paragraph 3 of the Complaint and calls upon the Plaintiff to prove the same.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint and calls upon Plaintiff to prove the same.

5. Defendant admits the allegation set forth in paragraph 5 of the Complaint.

6. Defendant states that the allegations contained in Paragraph 6 of the Complaint call for a legal conclusion, and as such, no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 6 of the Complaint and calls upon Plaintiff to prove the same.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 7 of the Complaint and calls upon Plaintiff to prove the same.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 8 of the Complaint and calls upon Plaintiff to prove the same.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint and calls upon Plaintiff to prove the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 10 of the Complaint and calls upon Plaintiff to prove the same.

11. Defendant denies the allegations set forth in paragraph 11 of the Complaint and calls upon Plaintiff to prove the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 12 of the Complaint and calls upon Plaintiff to prove the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 13 of the Complaint and calls upon Plaintiff to prove the same

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 14 of the Complaint and calls upon Plaintiff to prove the same

15. Defendant states that the allegations contained in Paragraph 15 of the Complaint call for a legal conclusion, and as such, no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 15 of the Complaint and calls upon Plaintiff to prove the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 16 of the Complaint and calls upon Plaintiff to prove the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 17 of the Complaint and calls upon Plaintiff to prove the same.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint and calls upon Plaintiff to prove the same.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint and calls upon Plaintiff to prove the same.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint and calls upon Plaintiff to prove the same.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint and calls upon Plaintiff to prove the same.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint and calls upon Plaintiff to prove the same.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint and calls upon Plaintiff to prove the same.

24. Defendant states that the allegations contained in Paragraph 24 of the Complaint call for a legal conclusion, and as such, no response is required. To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 24 of the Complaint and calls upon Plaintiff to prove the same.

25. Defendant admits that it is engaged in the business of providing communication goods and services, but denies that these communication goods and services are the same as Plaintiff and denies the remainder of the allegations set forth in Paragraph 25 of the Complaint and calls upon the Plaintiff to prove the same.

26. Defendant admits that it has a website on the internet, but denies the remainder of the allegations set forth in Paragraph 26 of the Complaint and calls upon the Plaintiff to prove the same.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint and calls upon Plaintiff to prove the same.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint and calls upon Plaintiff to prove the same.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint and calls upon Plaintiff to prove the same.

30. Defendant denies the allegations set forth in paragraph 30 of the Complaint and calls upon Plaintiff to prove the same.

31. Defendant denies the allegations set forth in paragraph 31 of the Complaint and calls upon Plaintiff to prove the same.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint and calls upon Plaintiff to prove the same.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint and calls upon Plaintiff to prove the same.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint and calls upon Plaintiff to prove the same.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint and calls upon Plaintiff to prove the same.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint and calls upon Plaintiff to prove the same.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 37 of the Complaint and calls upon Plaintiff to prove the same.

38. Defendant admits that Plaintiff filed an Opposition in the United States Trademark Trial and Appeal Board, the document speaks for itself, but Defendant denies the remainder of the allegations set forth in Paragraph 38 of the Complaint and calls upon the Plaintiff to prove the same.

39. Defendant admits the '096 Application was abandoned, but denies the remainder of the allegations set forth in Paragraph 39 of the Complaint and calls upon the Plaintiff to prove the same.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 40 of the Complaint and calls upon Plaintiff to prove the same.

41. Defendant admits that a United States Trademark Application Serial Number 76/050,931 ("'931 Application") was filed, but Defendant denies the remainder of the allegations set forth in Paragraph 41 of the Complaint and calls upon the Plaintiff to prove the same.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 42 of the Complaint and calls upon Plaintiff to prove the same.

43. Defendant admits that the '931 Application describes spelling and coloring of Defendant's mark, but Defendant denies the remainder of the allegations set forth in Paragraph 43 of the Complaint and calls upon the Plaintiff to prove the same.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint and calls upon Plaintiff to prove the same.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint and calls upon Plaintiff to prove the same.

46. Defendant denies the allegations set forth in paragraph 46 of the Complaint and calls upon Plaintiff to prove the same.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint and calls upon Plaintiff to prove the same.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint and calls upon Plaintiff to prove the same.

### FIRST CAUSE OF ACTION
**(Trademark Infringement – 15 U.S.C. §1114(1))**

49. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 48 of this Answer as if fully set forth herein.

50. Defendant denies the allegations set forth in paragraph 50 of the Complaint and calls upon Plaintiff to prove the same.

51. Defendant denies the allegations set forth in paragraph 51 of the Complaint and calls upon Plaintiff to prove the same.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint and calls upon Plaintiff to prove the same.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

### SECOND CAUSE OF ACTION

**(Trademark Infringement, Unfair Competition, And False Designation of Origin – 15 U.S.C. §1125(a))**

54. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 53 of this Answer as if fully set forth herein.

55. Defendant denies the allegations set forth in paragraph 55 of the Complaint and calls upon Plaintiff to prove the same.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint and calls upon Plaintiff to prove the same.

57. Defendant denies the allegations set forth in paragraph 57 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

**THIRD CAUSE OF ACTION**
**(Trademark Dilution – 15 U.S.C. §1125(c))**

58. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 57 of this Answer as if fully set forth herein.

59. Defendant denies the allegations set forth in paragraph 59 of the Complaint and calls upon Plaintiff to prove the same.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint and calls upon Plaintiff to prove the same.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint and calls upon Plaintiff to prove the same.

62. Defendant denies the allegations set forth in paragraph 62 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

### FOURTH CAUSE OF ACTION
### (Denial of Trademark Registration – 15 U.S.C. §1119)

63. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 62 of this Answer as if fully set forth herein.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

### FIFTH CAUSE OF ACTION
### (State Dilution – Mass.Gen.Laws Ch. 110B §12)

65. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 64 of this Answer as if fully set forth herein.

66. Defendant denies the allegations set forth in paragraph 66 of the Complaint and calls upon Plaintiff to prove the same.

67. Defendant denies the allegations set forth in paragraph 67 of the Complaint and calls upon Plaintiff to prove the same.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint and calls upon Plaintiff to prove the same.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint and calls upon Plaintiff to prove the same.

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim against Defendant upon which relief may be granted.

2. The Plaintiff's claims must be dismissed for insufficiency of service of process and failure of process as required under Fed.R.Civ.P. 12(b).

3. The Plaintiff's claims must be dismissed for misnomer of a party.

4. The Plaintiff's Complaint must be dismissed as it is frivolous and made in bad faith under M.G.L. c.231, §6f.

5. The Plaintiff's Complaint is barred by the doctrines of waiver, estoppel and laches.

6. The Plaintiff is barred from recovery by principles of acquiescence.

7. The Plaintiff is barred from recovery by collateral estoppel and res judicata.

8. The Plaintiff is barred from recovery by principles of election of remedies.

9. The Plaintiff is barred from recovery due to an accord and satisfaction.

10. The Plaintiff is barred from recovery by release and settlement.

11. The Plaintiff failed to commence this action within the time period prescribed in the applicable statute of limitations.

12. The Plaintiff's claims are barred by the Plaintiff's failure to mitigate damages.

13. The Plaintiff's claims against Defendant are barred because the negligence of the Plaintiff exceeded any negligence attributable to Defendant.

14. If the Plaintiff was damaged as alleged in the Complaint, any such damage was the result of acts or omissions of persons or entities over whom Defendant had no control and for whose conduct Defendant is not legally responsible.

15. The Plaintiff is barred from recovery by the doctrine of assumption of the risk.

16. The Plaintiff's claims are barred by the Statute of Frauds.

17. The Plaintiff's claims are barred by the doctrines of unconscionability and breaches of the covenant of good faith and fair dealing.

18. The Plaintiff's claim must fail because it has failed to plead fraud and material misrepresentation with particularity.

19. The Plaintiff's Complaint must be dismissed as it is frivolous and made in bad faith.

20. The Plaintiff's claims are barred by consent to use of the alleged trade name, logo, trademark, service mark or domain name.

21. The Plaintiff is barred from recovery by the principle of unclean hands.

22. The Plaintiff's Complaint must be dismissed as because Plaintiff has not plead it's cause of action with particularity as required by Fed.R.Civ.P. 9(b).

23. As to Counts III and IV, the Plaintiff is barred from recovery by the Approval of United States Trademark Serial Number 76/050,931 for the trademark "CONSWEST."

WHEREFORE, Defendant respectfully requests that this honorable Court issue an order dismissing all counts of the Complaint and awarding Defendant reasonable attorney's fees and costs incurred in the defense of this action.

**COUNTERCLAIM OF DEFENDANT, CONQWEST, INC. AGAINST PLAINTIFF QWEST COMMUNICATIONS <u>INTERNATIONAL, INC.</u>**

**FACTS COMMON TO ALL COUNTERCLAIMS**

1. The Plaintiff-in-Counterclaim is CONQWEST, Inc. (hereinafter "CONQWEST"), a Massachusetts corporation with a place of business at 84 October Hill Road, Building 7, Holliston, Massachusetts, 01746.

2. The Defendant-in-Counterclaim is Qwest Communications International, Inc. (hereinafter "Qwest"), a Delaware corporation with its principal place of at 1801 California Street, Denver, Colorado, 80202.

3. CONQWEST offers goods and services related to internet security evaluations, audits and other internet security solutions and associated products produced by others.

4. CONQWEST advertises and conducts its business on the World Wide Web via its website <ww.conqwest.com>.

5. Qwest offers goods and services related to telecommunications, wireless telecommunications, local and long distance telephone services, internet service provider, broadband multimedia services, intranet and extranet services, and voice over IP protocol services.

6. Qwest conducts advertises and conducts its business on the World Wide Web via its website <www.qwest.com>.

7. CONQWEST filed United States Trademark Application Serial Number 76/050,931 for the trademark "CONQWEST" on or about May 18, 2000.

8. On or about January 18, 2005, the USPTO approved for publication Trademark Application Serial Number 76/050,931 for the trademark "CONQWEST."

9. Qwest failed to enter a timely objection to the publication of the "CONQWEST" trademark with the United States Patent and Trademark Office ("USPTO") within the allotted 30 days from the publication of the approval of Trademark Application Serial Number 76/050,931.

10. The time period within which Qwest could have a filed an objection to Trademark Application Serial Number 76/050,931 for the trademark "CONQWEST" expired on February 17, 2005.

11. Trademark Application Serial Number 76/050,931 for the trademark "CONQWEST" became final on or about February 17, 2005.

12. Trademark Application Serial Number 76/050,931 for the trademark "CONQWEST" is for use in relation to the sale and distribution of the goods and services provided by CONQWEST, including goods and services related to internet security evaluations, audits and other internet security solutions and associated products produced by others.

13. On or about June 2004 Qwest began the promotion of a website <www.conqwest2004.com>, which seems to be a game-like advertising campaign for its wireless communications division.  Qwest marketed this website to current wireless communications users and potential users through the use of the website <www.conqwest2004.com> in commerce.

14. The website "conqwest2004.com" was used as the portal and main page for the advertisement of the "ConQwest2004".

15. Qwest, on or about January 2005 registered the website <www.conqwest2005.com> as a portal and main page for "ConQwest2005".

ConQwest2005 offered the same or substantially similar services to current and potential Qwest users.

16. As of this date Qwest has not registered a website for the 2006 ConQwest game, however, based upon information and belief, Qwest has begun development of a "ConQwest2006"and intends to upload the same to the World Wide Web under the website <www.conqwest2006.com>.

17. After February 17, 2005, the date on which the Trademark Application Serial Number 76/050,931 for the trademark "CONQWEST" was finalized, Qwest continued to use the websites <www.conqwest2004.com> and <www.conqwest2005.com> in relation to these services although at all relevant times it knew of the trademark of "CONQWEST" and the fact that it would be intentionally using the famousness and goodwill of the "CONQWEST" trademark.

18. Qwest's use of the World Wide Web addresses <www.conqwest2004.com> and <www.conqwest2005.com> constitute false and misleading descriptions of fact causing confusion and mistake of origin, sponsorship, infringement on CONQWEST's Trademark Serial Number 76/050,931 for the trademark "CONQWEST", and have resulted in unfair competition.

**COUNT I – TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114(1))**

19. CONQWEST incorporates herein by reference each and every allegation contained in paragraphs 1 – 18 as is fully set forth below.

20. Qwest's actions as described herein are likely to cause confusion, deception or mistake.

21. Qwest's acts constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of CONQWEST's registered Trademark Serial Number 76/050,931, in connection with the sale, offering for sale, distribution or advertising of products and services, on or in connection with which such use is likely to cause confusion or to cause mistake or to deceive, in violation of 15 U.S.C. 1114(1).

22. Qwest's acts have been committed willfully and with intent, make this an exceptional case under 15 U.S.C. 1117(a), which entitled CONQWEST to recover its costs of this Counterclaim and reasonable attorneys' fees pursuant to 15 U.S.C. 1117(a).

23. As a direct and proximate result of Qwest's willful acts, CONQWEST has suffered and continues to suffer irreparable injury for which no adequate remedy exists at law.

WHEREFORE, Defendant/Plaintiff-in-Counterclaim CONQWEST, Inc. respectfully requests this Court for a judgment that the CONQWEST mark has been infringed and will be continued to be infringed by Plaintiff/Defendant-in-Counterclaim Qwest Communications International, Inc. and for an Order preliminarily and permanently enjoining Qwest Communications International, Inc. from using, in any manner, the CONQWEST trademark, and for such additional relief as this Court deems proper and just.

**COUNT II – TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))**

24. CONQWEST incorporates herein by reference each and every allegation contained in paragraphs 1 – 23 as is fully set forth below.

25. Qwest's acts as alleged herein constitute, among other things, false designations or origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of the goods and services of Qwest, and otherwise constitute infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

26. Qwest's acts have been committed willfully and with intent, making this an exceptional case under 15 U.S.C. 1117(a), and entitling CONQWEST to recover its costs of this Counterclaim and reasonable attorneys' fees pursuant to 15 U.S.C. 1117(a).

27. As a direct and proximate result of Qwest's willful acts, CONQWEST has suffered and continues to suffer irreparable injury for which no adequate remedy exists at law.

WHEREFORE, Defendant/Plaintiff-in-Counterclaim CONQWEST, Inc. respectfully requests this Court for a judgment that the CONQWEST mark has been infringed and will be continued to be infringed by Plaintiff/Defendant-in-Counterclaim Qwest Communications International, Inc. and for an Order preliminarily and permanently enjoining Qwest Communications International, Inc. from using, in any manner, the CONQWEST trademark, and for such additional relief as this Court deems proper and just.

**COUNT III – TRADEMARK DILUTIUON**
**(15 U.S.C. § 1125(c))**

28. CONQWEST incorporates herein by reference each and every allegation contained in paragraphs 1 – 27 as is fully set forth below.

29. CONQWEST's trademark is distinct and famous.  CONQWEST's trademark has been extensively promoted and marketed heavily in the northeast region of the United States.

30. CONQWEST's trademark has gained strong regional public recognition and is eligible for protection against dilution.

31. Qwest's false, misleading and unauthorized use of CONQWEST's trademark in the advertising and promotion of its goods and services on the World Wide Web has diluted and will continue to dilute the strength and value of the CONQWEST trademark.

32. Qwest's willful and deliberate use of the CONQWEST trademark in its advertising and promotion of <www.conqwest2004.com> and <www.conqwest2005.com> on the World Wide Web, which are beyond the control of CONQWEST, has tarnished and will continue to tarnish the CONQWEST trademark.

33. Without injunctive relief, CONQWEST has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution of its trademark.  CONQWEST has been and will continue to be irreparably harmed.  CONQWEST states that no amount of money damages can adequately compensate CONQWEST if it loses the ability to control the use of its name, reputation, and goodwill through the false and unauthorized use of its trademark.  CONQWEST states that it is entitled to injunctive relief prohibiting Qwest from using the CONQWEST trademarks in connection with its goods and/or services, including Qwest's use of the CONQWEST trademark in connection with the promotion and advertising on the World Wide Web of of <www.conqwest2004.com> and <www.conqwest2005.com>.

WHEREFORE, Defendant/Plaintiff-in-Counterclaim CONQWEST, Inc. respectfully requests this Court for a judgment that the CONQWEST mark has been diluted and will continue to be diluted by Plaintiff/Defendant-in-Counterclaim Qwest Communications International, Inc., and for an Order preliminarily and permanently enjoining Qwest Communications International, Inc. from using, in any manner, the CONQWEST trademark, pursuant to 15 U.S.C. 1125(c) , and for such additional relief as this Court deems proper and just.

### COUNY IV – STATE DILUTION
### (M.G.L. c. 110B § 12)

34. CONQWEST incorporates herein by reference each and every allegation contained in paragraphs 1 – 33 as is fully set forth below.

35. CONQWEST's trademark is distinct and famous.  CONQWEST's trademark has been extensively promoted and marketed heavily in the northeast region of the United States.

36. CONQWEST's trademark has gained strong regional public recognition and is eligible for protection against dilution.

37. Qwest's false, misleading and unauthorized use of CONQWEST's trademark in the advertising and promotion of its goods and services on the World Wide Web has diluted and will continue to dilute the strength and value of the CONQWEST trademark.

38. Qwest's willful and deliberate use of the CONQWEST trademark in its advertising and promotion of <www.conqwest2004.com> and <www.conqwest2005.com> on the World Wide Web, which are beyond the control.

39. Qwest's willful and deliberate use of the CONQWEST trademark in the advertising and promotion of its goods and/or services has diminished the uniqueness and

individuality of the CONQWEST trademark and will continue to diminish the uniqueness and individuality of the CONQWEST trademark.

40. Without injunctive relief, CONQWEST has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution of its trademark. CONQWEST has been and will continue to be irreparably harmed. CONQWEST states that no amount of money damages can adequately compensate CONQWEST if it loses the ability to control the use of its name, reputation, and goodwill through the false and unauthorized use of its trademark. CONQWEST states that it is entitled to injunctive relief prohibiting Qwest from using the CONQWEST trademarks in connection with its goods and/or services, including Qwest's use of the CONQWEST trademark in connection with the promotion and advertising on the World Wide Web of of <www.conqwest2004.com> and <www.conqwest2005.com>.

WHEREFORE, Defendant/Plaintiff-in-Counterclaim CONQWEST, Inc. respectfully requests this Court for a judgment that the CONQWEST mark has been diluted and will continue to be diluted by Plaintiff/Defendant-in-Counterclaim Qwest Communications International, Inc., and for an Order preliminarily and permanently enjoining Qwest Communications International, Inc. from using, in any manner, the CONQWEST trademark, pursuant to M.G.L. c. 110B § 12, and for such additional relief as this Court deems proper and just.

**JURY CLAIM**

Defendant demands a trial by jury to the fullest extent permitted by law.

                                                Respectfully submitted,
                                                Defendant,
                                                CONQWEST, INC.,
                                                By its attorney:

                                                */s/ Rosemary A. Macero*

                                                _____
                                                Rosemary A. Macero (BBO # 544271)
                                                Macero & Associates, P.C.
                                                One Thompson Square, Suite 301
                                                Boston, MA 02129
                                                (617) 242-5000

Dated:   January 24, 2006