# FAX

2005 NOV 30 AM 12:05

| | |
|---|---|
| **Date** | November 30, 2005 |
| **Number of Pages (including cover):** | 3 |

**TO:** Heidi E. Harvey
<u>Fish & Richardson, P.C.</u>

**Phone** 617-542-5070
**Fax** 617-542-8906

**FROM:** Rosemary A. Macero
Macero & Associates
One Thompson Square
Suite 301
Boston, MA  02129

**Phone** 617-242-5000 x 106
**Fax** 617-242-5566

**Re:** Qwest v. CONQWEST

**REMARKS:**  ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please Comment

Please see attached correspondence.

RECEIVED
NOV 3 0 2005
FISH & RICHARDSON, P.C.
BOSTON OFFICE

The documents accompanying this telecopy transmission may contain certain confidential or privileged information from this law firm. The information is intended to be for the use of the individual or entity named on this sheet. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this telecopied information is PROHIBITED. If you have received this telecopy in error, please notify this office by telephone as soon as possible so that arrangements may be made for retrieval.
Thank you.

## MACERO & ASSOCIATES, P.C.
**Attorneys At Law**
One Thompson Square
Suite 301
Boston, MA 02129

Phone (617) 242-5000
Fax   (617) 242-5566

November 30, 2005

**VIA FACSIMLIE AND FIRST CLASS MAIL**

Heidi E. Harvey
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

  Re: <u>Qwest Communications International, Inc. v. CONQWEST, Inc.</u>
    Civil Action No.: 04-cv-11878 RCL

Dear Ms. Harvey:

  I am in receipt of your letter of November 29, 2005, regarding the above. I have communicated your proposal to my client and considering the fact that it set forth a position which constituted a retreat from prior settlement proposals advanced in mediation, your position was perplexing. While I am still in discussion with my client regarding a counterproposal, the position set forth in your prior proposal caused to them to question the utility of their efforts in light of its content.

  While it was my hope to avoid further costs of discovery, given the content of the proposal and its apparent retreat from Qwest's prior position (Judge Alexander noted failed in all material respects to represent any willingness to achieve settlement at the mediation which she then rescheduled for December 9, 2005, with an order that Richard Notebaert Chairman and CEO of Qwest be present), the need to proceed with discovery was highlighted in the recent documentation attached to your proposal which was subject of prior discovery requests. Given your willingness to use this documentation in support of your proposal and given Qwest's status as the Plaintiff with the burden of production and proof, I would be remiss if I did not demand the immediate production of all discovery as unproduced documents such as these appear to have emboldened Qwest to maintain its intransigent position on settlement. Therefore, notwithstanding my prior discussions with Mr. Lewis, I am constrained to demand an immediate response to our Local Rule 7.1 letter with regard to when a complete document production will be provided as well as interrogatory answers.

  As you are well aware, both Automatic Discovery and document requests and interrogatories have been outstanding for close to one year. In that time, Mr. Lewis did agree to provide all discovery. He and I had various discussions beginning in June 2005 as to when the documents would be produced. This resulted in my receiving a paltry few 2004 documents in mid October, 2005. The courtesies which I had extended to Mr.

Lewis, were premised upon our on going discussions, which I had hoped would be fruitful. Contrary to your assertion, there was never any agreement to suspend in whole documentary discovery based upon any settlement discussions. Needless to say, Qwest's present position requires me to insist that documentary discovery be immediately responded to so that any basis for its position, can be properly evaluated. Based upon Qwest's articulated position (Ms. Searles) that transactional costs are not even a consideration in settlement discussions, I hardly see that cost of discovery is a basis upon which to refuse to produce the documents requested over one year ago which Mr. Lewis promised for production in July, August, September and October, 2005 which have yet to be produced.

While I look forward to discussing matters with you, I am sure that you understand that under the circumstances my hands are tied and I must insist that your document production proceed forthwith in advance of December 9, 2005. Your cooperation in arranging to facilitate the production is appreciated. I look forward to having as courteous and cordial a working relationship with you as I have with Mr. Lewis. Please call me at your convenience to further discuss matters.

Thank you for your continued cooperation in this matter.

Very truly yours,

Rosemary A. Macero

Cc:    Kurt S. Lewis, Esq.