# FISH & RICHARDSON P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

January 24, 2006

Rosemary A. Macero, Esq.
Macero & Associates, P.C.
One Thompson Square
Suite 301
Boston, MA  02129

Re:   Qwest Communications v. ConQwest, Inc.
      USDC-D. Mass. (Boston) - Civil Action No. 04-cv-11878 RCL

Dear Rosemary:

Upon investigation, we are able to designate a single witness to produce in response to ConQwest's Rule 30(b)(6) notice on topics 1, 2, 3, 6, 12, 15, 17, 18, 19, 20, 21, 22, 33, 36, and 39, which go to the core of the priority of use issues.

Eric Nowak joined Qwest in May of 1999 to oversee Qwest's network security offerings. Today, Mr. Nowak is the Senior Product Manager for iQ programs, a category that includes all data solutions, including Qwest's security offerings.  Mr. Nowak will familiarize himself thoroughly with the information available to Qwest on its past and present network security offerings.  Mr. Nowak will become familiar with the services offered by Qwest that had previously been offered by companies Qwest acquired, including Colorado SuperNet (acquired in October, 1997) and Icon CMT (acquired in January, 1999).  Mr. Nowak is available for deposition on February 8, 2006.

We have been collecting documents from these entities and on these topics, focusing on the nature and extent of Qwest's use of the mark QWEST and variants directly in the field of network security offerings. We expect to be able to produce the bulk of the documents in Qwest's possession, custody, or control, evidencing Qwest's network security offerings that originated with Icon CMT and Colorado SuperNet by Monday, January 30, 2006.

We think this production and Mr. Nowak's deposition will go far in responding to both document discovery and the Rule 30(b)(6) and will allow you to determine whether and if you want witnesses on other categories and/or individual depositions previously noticed.  I appreciate your willingness to consider going about it this way.

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

FISH & RICHARDSON P.C.

Rosemary A. Macero, Esq.
January 24, 2006
Page 2


As to the more general categories of documents, we are working on those matters as well. Mr. Nowak would not likely be a witness for any matters such as Qwest's trademark portfolio in general or business in general, but if we produce additional documents upon which he has knowledge, we will bring him back for follow-up.

In view of the foregoing, I wanted to ask if you would extend our time to respond to your motion to compel for one week. I expect to have substantive written answers based on the information currently available to Qwest by next Monday as well so that you will have that information before the deposition as well. Moving our date for response a week will allow us to continue our efforts on the document collection and production.

We will serve a formal objection and response to your Rule 30(b)(6) notice later today repeating the above information and addressing our objection to other categories. Please bear in mind that we do intend to and agree to produce witnesses in Boston on those other categories that are not wholly objectionable, but we have simply started with the witness who can respond to largest number of categories who happens to have knowledge in a core area of the case.

We confirm that we will commence the deposition of Michelle Drolet, previously noticed, at our offices on Thursday the 26th at 1:00 p.m. I understand that you only have a half day available this week, and we have agreed to do as much as we can in the time available. I plan to ask the Court reporter to remain until about 5:00 p.m. if that is acceptable to you and your client. If you need to or are able to start or stop at a different time, please let me know.

I am in Court this morning, but I will get you a Rule 30(b)(6) notice, or at least a letter with the categories, by the end of the day so you can consider whether to designate her on some of those topics and thereby eliminate duplication. I will also get back to you by 3 p.m. on your motion to amend.

Very truly yours,

/s/ Heidi E. Harvey (by TAB)

Heidi E. Harvey

21252152.doc