UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONQWEST, INC., <br><br> Defendant. | Civil Action No. 04-cv-11878 RCL |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER; REQUEST FOR IMMEDIATE HEARING**

**MOTION FOR ENTRY OF PROTECTIVE ORDER; CERTIFICATE PURSUANT TO L.R. 7.1**

### EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to Fed.R.Civ.P. 65(b), Qwest moves for a temporary restraining order enjoining defendant's counsel from dissemination and distribution of plaintiff's information that has been designated "Confidential" or "Highly Confidential" under the terms of the Confidentiality Stipulation and Protective Order signed by the parties (Docket No.9):

LEWIS MEYERS & SCHEID, LLC

_[signature: Kurt Lewis]_
_____
Kurt Lewis (Reg. No. 11386)
2300 Fifteenth Street, Suite 320
Denver, Colorado 80202
(303) 534-5040
(303) 534-5039 fax

ATTORNEYS FOR PLAINTIFF

MACERO & ASSOCIATES, P.C.

_[signature: Rosemary A. Macero]_
_____
Rosemary A. Macero (BBO # 544271)
One Thompson Square, Suite 301
Boston, MA 02120
(617) 242-5000

ATTORNEYS FOR DEFENDANT

This is an emergency because defendant's counsel announced in writing on February 3, 2006, that she "no longer feels bound by" the those terms (Ex. A). Counsel's phrasing-- "no longer feels bound by" -- demonstrates both the existence of the agreement and the unilateral breach by counsel for defendant ConQwest, Inc.

Pursuant to Fed.R.Civ.P. 65(b)(1), Plaintiff Qwest states that it is irreparably harmed because, in reliance upon the protective order terms and Ms. Macero's repeated assurances that the parties were bound by its terms, plaintiff Qwest produced over 14,000 pages of responsive documents in electronic format on Monday, January 30, 2006, including many business and financial documents that were designated "confidential" or "highly confidential" under the protective order terms.  See Declaration of Christine A. Searls, Esq., Corporate Counsel for Plaintiff Qwest Communications International, Inc. (attached as Ex. B).

The relevant history is as follows:

In February 2005, the parties jointly submitted a form of protective order signed by current counsel for defendant, Rosemary A. Macero, and prior counsel for plaintiff, Kurt S. Lewis (Docket No. 9).

On June 4, 2005, the Court denied the joint motion to enter the protective order on the grounds that it failed to comply with L.R. 7.2 and this Court's requirements for the impoundment of confidential material filed with the Court.   However, the parties agreed that the stipulated protective order would continue to have effect as between the parties.  (*See* Docket No. 17 at ¶ 4.)

Indeed, ConQwest's counsel explicitly stated as recently as January 30, 2006, "As for the protective order, I had previously agreed to certain terms with Kurt Lewis and I am not comfortable proceeding beyond those terms at this time unless you have some type of

explanation as to why the previous terms were somehow deficient." Letter from Rosemary Macero to Heidi E. Harvey, January 30, 2006 (attached as Ex. C) at 1.

On January 30, 2006, after receiving that letter and on the strength of those representations, plaintiff Qwest produced over 14,000 pages of documents in Adobe Portable Document Format (pdf) and a Microsoft Access database as kept in the ordinary course of business on January 30, 2006.[1] In its document responses, Qwest explicitly noted that the protective order remained in force. (*See* Plaintiff's Responses and Objections to Defendant ConQwest, Inc.'s First Request for Production of Documents, attached as Ex. F., at p. 6, ¶ 9.)

Furthermore, in a letter initiating a LR 7.1 discovery conference dated January 30, 2006 (Ex. D), counsel for plaintiff inquired whether defendant would assent to entry of the protective order as modified to comply with LR 7.2.

In the telephone discovery conference held between counsel on February 2, 2006, Ms. Macero stated that she "did not know" whether she would assent to its entry. Counsel for plaintiff the expressly asked for and got Ms. Macero's continued assurance that defendant and defendant's counsel nevertheless considered themselves bound by the terms of the protective order previously agreed to as between the parties. See Certificate of Conference Pursuant to L.R. 7.1 re Motion for Entry of Protective Order, below.

---

[1] Plaintiff Qwest served its responses and objections to written document requests and the disks containing the production by hand delivery on counsel for defendant on January 30. 2006. Defendant's counsel, Rosemary Macero, personally instructed her receptionist not to accept the courier delivery from Fish & Richardson P.C. See Ex. E, copy of Package King delivery receipt dated 1/30/06 noting "Refused by Rosemary Macero @ 5:50 p.m. 1/30/06." The package was returned to Fish & Richardson P.C. and was sent to defendant's counsel by Federal Express for delivery on Tuesday morning, January 31, 2006.

3

The Confidentiality Stipulation and Protective Order explicitly sets forth the procedure to follow if a party disagrees with a confidentiality designation. Section VII.A states, "Any Party may at any time, ***on reasonable notice and after first consulting in good faith with the opposing party***, move for relief from the provisions of this Stipulation and Order ***with respect to specific material***." (Docket No. 9 at 6 (emphasis added).) Defendants' counsel has not consulted with Qwest, nor has she identified any specific material whose designation is contested.

Pursuant to Fed.R.Civ.P. 65(b)(2), plaintiff Qwest states that a demand for assurance of compliance with the terms of the protective order was made upon defendant's counsel by e-mail and facsimile on February 3, 2006, immediately after receipt of Ms. Macero's letter in Exhibit A. In addition, counsel exchanged e-mails regarding the dispute and the status of the protective order. Defendant's counsel attempted to speak with both Ms. Macero and Mr. Cheslofska on the telephone on February 3, 2006, and though they were reported to be in the office and continued to send e-mail to undersigned counsel, they refused to speak with her. See Certificate of Conference Pursuant to LR 7.1, below.

Therefore, Plaintiff Qwest requests that this court temporarily restrain and enjoin Rosemary A. Macero and the firm of Macero & Associates from disclosing or dissemination any information produced by plaintiff in this matter and designated "Confidential" or "Highly Confidential" outside the legal staff employees of the firm of Macero & Associates until the Court can hear the parties on the entry of a motion for a Protective Order.

Because counsel for defendant's conduct is in clear breach of its undertakings, agreements, and representations in this case, plaintiff Qwest also requests its reasonable attorneys' fees of this motion for temporary restraining order.

## **MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff Qwest now also seeks entry of the Protective Order agreed to by the parties and amended to comply with the requirements of LR 7.2. Ex. G. The terms of the Protective Order are identical to that previously submitted except for the language that brings it into compliance with LR 7.2, shown on the redline copy of this document, Ex. H.

The terms of the Protective Order were agreed to and acknowledged repeatedly by counsel for defendant.

Dated: February 3, 2006    /s/ Heidi E. Harvey
                           Heidi E. Harvey (BBO 548114)
                           Thomas A. Brown (BBO #657715)
                           FISH & RICHARDSON P.C.
                           225 Franklin Street
                           Boston, MA 02110-2804
                           Tel: (617) 542-5070
                           Fax: (617) 542-8906
                           Attorneys for Plaintiff

CERTIFICATE OF CONFERENCE

On January 31, 2006, counsel for plaintiff initiated a required LR 7.1 discovery conference by letter, including asking counsel for defendant whether she would assent to entry of the protective order as modified. Ex. D.

On February 2, 2006, during the telephone discovery conference, Qwest's counsel sought the assent of defendant to the entry of this Protective Order. Counsel for defendant stated that "she did not know" whether she would object to its entry or not. Counsel for plaintiff then further pressed counsel for defendant on whether defendant considered itself bound by the agreement of the parties, and counsel for defendant confirmed that she felt defendant bound by the agreement reached with Kurt Lewis. See Docket No. 9, dated February 11, 2005.

On February 3, 2006, counsel sent a letter indicating that she "no longer considered herself did not consider herself bound by the parties' agreement. *See* Ex. A. Counsel for plaintiff sent a message to defendant's counsel by e-mail, with a confirmatory copy by facsimile, asking for reassurance that defendant and defendant's counsel acknowledged and agreed to abide by the terms of the protective order and stated that plaintiff would file a motion for temporary

restraining order if such assurances were not provided. Defendant's counsel refused to provide such assurances.

On February 3, 2006, following this e-mail exchange, Qwest's counsel also telephoned ConQwest's counsel to attempt to confer and narrow the issues presented by the Motion for Temporary Restraining Order. Both Ms. Macero and Mr. Cheslofska, who were confirmed by the telephone receptionist to be in the office, refused to speak with Qwest's counsel on the telephone.

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 3rd day of January, 2006.

/s/ Heidi E. Harvey_____
Heidi E. Harvey

6