# MACERO & ASSOCIATES, P.C.
**Attorneys At Law**
One Thompson Square
Suite 301
Boston, MA 02129

Rosemary A, Macero                                             Phone (617) 242-5000
ram@macerolaw.com                                      Fax     (617) 242-5566

January 30, 2006

**VIA EMAIL ONLY**

Heidi E. Harvey
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804

Re:     Qwest Communications International, Inc. v. CONQWEST, Inc.
          Civil Action No.: 04-cv-11878 RCL

Dear Ms. Harvey:

      Since you refuse to communicate by email on issues of scheduling or production as you had previously agreed, I am now forced to formalize my communications with you to have a complete record to place before the Court when your failure to produce discovery is the subject of Motions to Compel. I am quite disappointed that after such a productive conversation on January 19, 2006 in which you proposed such a reasonable methodology for conducting the discovery, you have now again resorted to stonewalling and obstruction. I also note that many of the comments set forth in your opposition to the Motion to Compel documents are just plain not true. If you had really checked with Kurt Lewis you would have learned that I began to press him for the document production in June 2005. There was no agreement not to proceed with discovery and I did extend to him several courtesies based upon his representations that his client was actively searching for the documents and would produce them first in July, then in August, then in September and finally in October, 2005 and he did commence the production with certain 2004 documents. So for you to say that there was an agreement not to conduct discovery, it is wrong and a misrepresentation to the Court and I request that you immediately correct it.

      While it is true that your client served no discovery until January 11, 2006, I also note that your client even failed to make a proper corporate disclosure of information which information was required over one year ago. I hardly think that you have any basis on which to complain that I have not acted quickly enough as it is your client who has failed to respond for over one year and I do not have any documents to date. As for the protective order, I had previously agreed to certain terms with Kurt Lewis and I am not comfortable proceeding beyond those terms at this time unless you have some type of

explanation as to why the previous terms were somehow deficient. Further, I note that the Court did not allow the protective order and as such, there is no basis for you to continue to pursue this issue because the outcome of this issue has been known for many months. The absence of a protective order did not form any basis for Mr. Lewis to refuse to produce documents.

As for my involvement with CONQWEST, this has long been known and was disclosed and as a result, I see no basis to have to further provide you with any type of assurances as this topic was fully discussed and my continued representation of CONQWEST was not found to be problematic. So suffice it to say, I do not feel compelled to have to address this issue further.

As for your persistent demands for the scheduling of Michelle Drolet's deposition, I am quite puzzled at your pressure on this issue as I have been patiently waiting one year for interrogatory answers and document responses. In fact, it has been now 10 days since you promised me that you would have both of these discovery items responded to and produce the documents. I am of the opinion first in time first in right in terms of the discovery. So I expect that you will make every effort to make your document production without haste and obviate any need for further Motions. Since I have just received the 30(b)6 notice for CONQWEST, I will review and address it with appropriate objections and communicate in due course with Ms. Drolet regarding her availability. In addition, as I have just received your Request for Interrogatories and Requests for the Production of Documents, those will be answered pursuant to the Rules.

Conversely, I note that to date you have not even given me the courtesy of a response to my request regarding the complete list of the witnesses to be produced in connection with the Qwest 30(b)6 notice. You had represented that you would agree that in addition to producing the designee witnesses in their individual capacities here in the Commonwealth, that you would also produce any witness you intended to call at the time of trial. Since you have not answered the interrogatories, I can not imagine who that might be. I have also asked you to produce all witnesses disclosed on the corporate disclosure for deposition in the Commonwealth. You have failed to agree to this request and I have the letter of Tom Brown dated January 19, 2006 which states that such production will not be forthcoming. As such, unless I hear from you to the contrary today confirming that each of these witnesses will be produced in the Commonwealth for deposition, I will move the Court for the appropriate relief to compel their attendance.

I hardly think it is fair for you to complain when you promised me all of this information last week and have still failed to address same. I prefer to commence the Qwest 30(b)6 deposition before the 8th. But under all circumstances, I need to have your designation as to the remaining topics so that I can address the issue of the remaining disclosed witnesses with the Court unless you will agree to produce them in Boston. I will also need to take up your objections with you and then with the Court if you decide to stand on these objections. Please therefore, consider this letter a request for a 7.1 conference on this issue.

      I am not being difficult but my discovery has been outstanding for one year now and I have been requesting information in terms of documents since June 2005 and from you since early November 2005.  I hardly think it is fair and reasonable for you to press me on dates and information when the delay on your side has been so lengthy and frankly inexcusable.  I took you at face value when you told me that you were going to provide the information I requested by Monday or Tuesday January 23 or 24.  I communicated by email which you refuse to acknowledge on Thursday January 26, 2006 and have still not received a document response, an interrogatory answer, the list of designated witnesses or a list of witnesses which you will produce in the Commonwealth.  I do consider this letter and the prior email of January 26, 2006 a request for a 7.1 Conference and request that you call me to discuss and confirm these issues.

      I need to progress my discovery and you want to progress yours.  If you can not or will not produce the disclosed witnesses here in the Commonwealth, then I need to know and address the issue with the Court.

      Thank you in advance for your prompt response on the above.

                                        Very truly yours,

                                        Rosemary A. Macero

Cc:    Thomas Brown