# Fish & Richardson P.C.

225 Franklin Street
Boston, Massachusetts
02110-2804

Telephone
617 542-5070

Facsimile
617 542-8906

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

January 31, 2006

Rosemary A. Macero, Esq.
Macero & Associates, P.C.
One Thompson Square
Suite 301
Boston, MA 02129

Re: Qwest Communications v. Conqwest, Inc.
USDC-D. Mass. (Boston) - Civil Action No. 04-cv-11878 RCL

Dear Rosemary:

Per Tom's letter of this morning, we are available to discuss the various discovery issues tomorrow morning at 10 a.m., weather permitting. However, we are generally open tomorrow so if another time is better, please let one of us know as soon as convenient. I also note that, since your voice mail message of this afternoon, the Court has indeed confirmed the cancellation of the mediation hearing.

For purposes of our mandatory conference tomorrow, our position on various discovery matters is as follows:

Qwest's Discovery Obligations

As to your Rule 30(b)(6) notice served on us, I do not agree that your client's obligation with respect to discovery that we have served is in any way contingent upon ours.

We have agreed to designate a witness as to topics 2, 5-7, 9, 14-15, 17-20, 23, 25-27, 30-31, 33-36, and 40 of your notice. We have objected to the other topics.

We have offered Eric Nowak as to a number of the agreed topics on February 8th, leaving topics 5, 7, 9, 14, 23, 25-27, 30-31, 34-35, and 40 in need of a witness. We will get you names and dates for the remaining non-objectionable topics by Friday.

With respect to notices of depositions of individuals who are merely employees of Qwest and not named parties, we stand on our position that those depositions should take place where the witness is located.

We served our responses and objections to your document requests on January 30, 2006, along with production of some 14,000 pages of documents on three CDs. We

FISH & RICHARDSON P.C.

Rosemary A. Macero, Esq.
January 31, 2006
Page 2

believe these responses moot your motion to compel, which reads in terms of non-compliance, and we therefore ask that you withdraw it.

I am working on substantive responses to your interrogatories and plan to serve initial responses and objections by the end of the week. We will supplement as we discover further information, including from ConQwest.

ConQwest's Discovery Obligations

Please let me know a new date or dates for the Drolet deposition by Friday. Since one of the issues is conserving the demands upon her time, we are far more certain to arrive a mutually agreeable date if you tell me when she can appear. I will arrange my schedule accordingly. For the sake of determining what other discovery I might need, including subpoenas of third parties, I wish to complete her deposition before the 15th of February.

I plan to proceed with Qwest's Rule 30(b)(6) deposition of ConQwest as noticed. Please let me know who you will be designating to testify on behalf of ConQwest.

Protective Order

Qwest intends to move for entry of a protective order that reflects the parties' previous agreement and complies with the Court's local rules. I previously sent you a draft of the proposed order. Please let us known whether you assent to such a motion. If you do not assent, we will note your lack of assent in our motion to have it entered.

Very truly yours,

Heidi E. Harvey

HEH/kan

21258065.doc