UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., <br><br>         Plaintiff, <br><br>   v. <br><br> CONQWEST, INC., <br><br>         Defendant. | Civil Action No. 04-cv-11878 RCL |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT CONQWEST, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Plaintiff Qwest Communications International, Inc. ("Qwest") hereby responds to Defendant ConQwest, Inc.'s ("ConQwest's") First Request for Production of Documents.

## GENERAL OBJECTIONS

1. Qwest objects to each Request for the Production of Documents ("Request") to the extent that it seeks testimony protected from disclosure by the attorney-client privilege, work product protection, and/or any other applicable privilege or immunity. Any disclosure that Qwest makes of such information is inadvertent and shall not constitute a waiver of the applicable privilege or immunity.

2. Qwest objects to the Requests generally as overly broad, vague, excessively lengthy and duplicative, which characteristics impose undue cost and burden on Qwest, attempt to evade the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of Practice, and do nothing to advance the merits of the case.

3. Qwest objects to the Instructions, to the extent they purport to impose upon Qwest obligations with respect to documents that are not in Qwest's possession, custody, or control. If a document called for is not within Qwest's possession, custody, or control, Qwest will not

produce it, nor will Qwest provide any written statement with respect to any such document. No such obligation is imposed by the Federal Rules of Civil Procedure, and such an obligation would prove overly burdensome.

4. Qwest objects to definition 6 ("marketing") as merely duplicative of the definition of "document" and/or "communication" with respect to Plaintiff's services and overbroad relative to the issues in dispute to the extent it seeks information unrelated to Qwest's promotion and advertising of its goods and services.

5. Qwest objects to definitions 7 and 8 ("communication" and "document") to the extent these definitions are broader than those set forth in the Uniform Definitions set forth in Local Rule 26.5(C). Qwest will interpret these terms in accordance with Local Rule 26.5.

6. In view of the registration of the CONQWEST mark, Qwest will not further rely upon its claims for dilution in Counts III and V in this matter. Qwest reserves the right, in the future, to make claims for dilution if and when the CONQWEST registration is cancelled. As a result, the entire scope of goods and services offered by QWEST under the QWEST family of marks is no longer relevant to the case.

7. In the responses, the "relevant goods and services" with respect to QWEST's claims for trademark infringement are, as alleged in paragraph 9 of the Complaint "digital fiber network services, broadband multimedia services, switched digital services, local and long distance telephone services, call back services, frame relay services, wireless telecommunications services, credit cards and credit card services, and the services identified in paragraph 11, 12, and 13," including related goods and services such as software or consulting for the same, including Voice over IP (VOIP) services. The "relevant goods and services" for purposes of Qwest's claims for false designation of origin in Count II based on Qwest's common law trademark rights are, as alleged in paragraph 9, "managed security services, virus protection services, network intrusion detection services, virtual private network (VPN) services, e-policy management services, internet services, network management services, design of data information networks, computer programs, installation and maintenance of electronic data and information networks,

intranet services, and extranet services." The "relevant time period" is approximately October 1997, the date of acquisition by Qwest of Colorado Super Net, to present.

8. Qwest does seek monetary damages from defendant by way of its actual damage or defendant's profits in this action. Qwest seeks permanent injunctive relief and, if appropriate at the conclusion of the case, costs and attorneys' fees. Qwest therefore objects to each Deposition Topic to the extent it calls for information relating only to Qwest's monetary damages.

9. Qwest states that it is withholding, as subject to attorney-client privilege and/or work-product immunity, all communication between Qwest or its employees and Qwest's attorneys, where such communication occurred after the start of the instant lawsuit and relates to the instant suit. Such communications will not be separately noted on any privilege log.

10. Qwest objects to each Request as overly broad and unduly burdensome to the extent it calls for "any and all documents." Qwest is a large company with vast, decentralized records. Such a requirement would impose extraordinary burden on Qwest. Instead, Qwest interprets each request that calls for "any and all documents" instead as calling for documents sufficient to show the requested information.

11. Qwest objects to each Request, to the extent the Request is unlimited in time period, or to the extent the Request calls for documents dating from earlier than the Relevant Time Period, as not relevant to any party's claims or defenses. Qwest interprets each Request as limited to the Relevant Time Period.

## GENERAL RESPONSES

1. ConQwest's Requests were served on February 1, 2005. By written agreement of the parties, this date was extended to April 6, 2005. (*See* Ex. B and Ex. C. to Qwest's Opposition to ConQwest's Motion to Compel (Docket No. 35).) The parties subsequently agreed to "postpone discovery" to concentrate on settlement discussions. (*See* Docket Nos. 17 & 23.)

2. In October, 2005, Qwest produced documents Bates-stamped QCI-00001-QCI00126. in partial response to ConQwest's Requests and in furtherance of the mediation effort that was

underway at the time. In addition, Qwest's counsel offered ConQwest's counsel the option of inspecting relevant, responsive, non-privileged documents not subject to work product immunity relating to the history of Qwest's uses of the Qwest trademark, and related marks. These documents are located at the offices of Qwest's trademark counsel at Townsend & Townsend & Crew in San Francisco. Counsel for ConQwest declined this offer.

3. Qwest reiterates its offer to permit ConQwest to inspect files relating to Qwest's historical use of its marks at the offices of Townsend & Townsend & Crew in San Francisco, to the extent these files are responsive, relevant, not privileged, and not subject to work-product immunity. These documents are responsive at least to Requests Nos. 15, 16, 17, 19, 20, 21, 27, 34, 35, 36, 37, 38, 39, 40, 41, 45, 46, 47, and 57. These documents include copies of certain incorporation documents; marketing material involving the Qwest and related trademarks; documents filed with the Securities and Exchange Commission; certain documents shared with Qwest's shareholders; certain financial statements; documents relating to Qwest's trademarks, including file histories, and including Qwest's trademark enforcement efforts; lists of cities served by Qwest; descriptions of Qwest's subsidiaries; lists of stockholders, and minutes of corporate meetings, and other corporate information. These documents are dated between 1981 and 2003.4. During the mediation process, certain additional documents were informally produced evidencing Qwest's internet security offerings earlier than defendant's alleged date of first use of its mark, consisting of archived web pages and press releases of Qwest in a letter of Heidi E. Harvey to Rosemary A. Macero, dated November 16, 2005. The letter discussed settlement and therefore is not attached. The attachments to that letter are produced herewith.

5. Subject to its general and specific objections, Qwest has agreed to produce documents in response to Requests Nos. 1, 2, 4, 5, 6, 7, 8, 11, 15, 16, 20, 21, 46, 47, and 57 below.

Qwest objects to Requests Nos. 9, 10, 12, 13, 17-45, 48-56, and 58-62 as wholly duplicative other requests and Qwest therefore is not producing documents in response to those requests, but is instead incorporating by reference its responses to other Requests.

Qwest states that, after a diligent search, it has not located any non-privileged documents not subject to work-product immunity responsive to the remaining requests. Qwest reserves the right to supplement its production with respect to these and any other requests.

6. Qwest produces herewith, on compact disc, copies of the bulk of all relevant, responsive, non-privileged documents, not subject to work-product immunity, located after a diligent search of the electronic files in Qwest's possession, custody, or control. Qwest also produces herewith, on compact disc, copies of paper documents dating from 1999 and earlier, to the extent those documents are relevant, responsive, non-privileged, and not subject to work-product immunity. Qwest also produces, herewith, copies of its SEC Form 10-K filings from 1997-2004. These documents are Bates-numbered QCI-1000-6922 and QCI-6923-15287. Qwest continues to search for, and will produce, copies of the remainder of responsive electronic and paper documents, on compact disc, to the extent these documents are not privileged and not subject to work-product immunity.

7. The following documents have been withheld under as attorney-client privileged or immune from discovery under the work-product doctrine:

a. Email from Michael Murphy to Ross Lau, Guy Cook, Peter Hutchinson, and Attorney David Litt, cced to Richard Cantin, enclosing comments on draft agreement between PNJ-Communications, Inc. and Qwest Communications, International (September 14, 2000).

b. Later draft of same agreement (September 17, 2000).

c. Memorandum for Attorney Hirobumi Abe to Guy Cook and Parker Brophy regarding Power Nets Japan and PNJ Communications, Inc. (August 21, 2000).

d. Index of documents relevant to *ISP.NET, LLC, d/b/a IQuest Internet v. Qwest Communications International Inc.* This index was created in the course of litigation by Qwest, its attorneys, and individuals working at the direction of Qwest or its attorneys.

e. All communications between Qwest, its employees, or agents, and Qwest's attorneys, in preparation for and in furtherance of litigation.

8. Qwest reserves the right to supplement this response as further information becomes available to it.

9. Some documents produced herewith bear the label "Confidential" or "Confidential-Attorneys' Eyes Only." The parties have agreed to a protective order, to which both parties are bound, that governs the handling of these documents. The Court's denial of the motion to enter the protective order affected only the provisions of the protective order that relate to the filing of documents with the Court, not the obligations of the parties with respect to such documents.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

REQUEST NO. 1:

Copies of any and all documents which show, describe, depict or demonstrate the nature, extent, and volume of goods or services, as defined in Paragraph 9 of the Plaintiff's Complaint, as being sold in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 1:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects on the grounds that this Request seeks information about goods and services other than those offered by Qwest in connection with the Qwest or Q marks, or variants thereof.

Subject to these objections, Qwest will produce responsive, non-privileged documents not subject to work-product immunity that relate to the relevant goods and services and to the trademarks used in connection with the relevant goods and services. in the manner set forth in General Response Nos. 3 and 6..

REQUEST NO. 2:

Copies of any and all documents which show, describe, depict or demonstrate all companies, entities, organizations, and individuals that have purchased or otherwise obtained whether as a re-seller or an O.E.M. of goods or services from Qwest since 1993, including the name, address, and telephone number of the customers, purchasers or re-sellers and the identity of the person(s) who negotiated or otherwise handled the purchase of the service from Qwest.

RESPONSE TO REQUEST NO. 2:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome to the extent it seeks information about all of Qwest's customers since 1993. Qwest will interpret this Request to call for information about entities who have purchased the relevant goods and services from Qwest during the Relevant Time Period.

Subject to these objections, Qwest will produce responsive, non-privileged documents not subject to work-product immunity as set forth in General Response No. 6.

REQUEST NO. 3:

Copies of any and all communications, transmittals, and submittals between the Plaintiff and the Defendant of the Plaintiff at any time and including supporting documentation.

RESPONSE TO REQUEST NO. 3:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request as vague and ambiguous to the extent it refers to "communications . . . between the Plaintiff and the Defendant of the Plaintiff." Qwest interprets this Request to refer to communications between the Plaintiff and the Defendant other than communications between counsel since the filing of the action. Qwest further interprets this Request to exclude communications between counsel for the parties.

Subject to these objections, Qwest states that, after a diligent search, no responsive documents have been located.

REQUEST NO. 4:

Copies of any and all communications, emails, transmittals, requests, submittals, and filings between the Plaintiff and any government agency or organization regarding trademarks and service marks.

RESPONSE TO REQUEST NO. 4:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request as overly broad and unduly burdensome to the extent it requests information about all of Qwest's trademarks and service marks. Qwest interprets this Request to refer only to trademarks used in connection with the relevant goods and services with the relevant goods and services. Qwest further objects on the ground that the communications with the United States Patent and Trademark Office ("PTO") are public available, viewable, and downloadable and therefore obtainable by defendant from the PTO as they are from the plaintiff.

Subject to these objections, Qwest will produce responsive, non-privileged documents not subject to work-product immunity as set forth in General Response No. 6.

REQUEST NO. 5:

Copies of any and all trademarks and service marks issued to the Plaintiff by any government or state agency.

RESPONSE TO REQUEST NO. 5:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request as overly broad and unduly burdensome to the extent it requests information about all of Qwest's trademarks and service marks. Qwest interprets this Request to refer only to

8

trademarks used in connection with the relevant goods and services with the relevant goods and services. Qwest further objects on the ground that the communications with the United States Patent and Trademark Office ("PTO") are public available, viewable, and downloadable and therefore obtainable by defendant from the PTO as they are from the plaintiff.

Subject to these objections, Qwest will produce responsive, non-privileged documents not subject to work-product immunity as set forth in General Response No. 6.

REQUEST NO. 6:

Copies of any and all documents which the defendants have supplied to any expert witness in the instant matter, at any time.

RESPONSE TO REQUEST NO. 6:

Qwest incorporates by reference each of its General Objections above. Subject to these objections, Qwest will produce responsive, non-privileged documents not subject to work-product immunity relating to retained experts who may be called to testify at trial at the time and in the manner required by the Court's scheduling order and the Federal Rules of Civil Procedure. Qwest states that no such responsive documents exist at this time.

REQUEST NO. 7:

Copies of any and all documents supplied by any expert witness in the instant case, including but not limited to any and all evaluations, opinions or reports.

RESPONSE TO REQUEST NO. 7:

Qwest incorporates by reference each of its General Objections above. Subject to these objections, Qwest will produce responsive, non-privileged documents not subject to work-product immunity relating to retained experts who may be called to testify at trial at the time and

in the manner required by the Court's scheduling order and the Federal Rules of Civil Procedure. Qwest states that no such responsive documents exist at this time.

REQUEST NO. 8:

Copies of the resume or curriculum vitae and any and all articles, books, treatises, or other written information written or produced by any expert who will testify on your behalf in the case.

RESPONSE TO REQUEST NO. 8:

Qwest incorporates by reference each of its General Objections above. Subject to these objections, Qwest will produce responsive, non-privileged documents not subject to work-product immunity relating to retained experts who may be called to testify at trial at the time and in the manner required by the Court's scheduling order and the Federal Rules of Civil Procedure. Qwest states that no such responsive documents exist at this time.

REQUEST NO. 9:

Copies of any and all documents which describe, depict, explain or refer to the goods and services offered by the Plaintiff in any market and at any time since 1993.

RESPONSE TO REQUEST NO. 9:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome, and will interpret the Request to refer only to documents relating to relevant goods and services during the Relevant Time Period. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 10:

Copies of any and all documents submitted or created by any principal, employee, or agent of the Plaintiff which relate in any way to the Plaintiff's trademarks and service marks.

RESPONSE TO REQUEST NO. 10:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome, and will interpret the Request to refer only to documents relating to trademarks used in connection with the relevant goods and services. Qwest objects to this request as vague, ambiguous, unduly broad, and overly burdensome to the extent it requests documents created by any "agent of the Plaintiff," particularly to the extent it calls for Qwest to produce documents not within its custody or control. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request Nos 1, 4, and 5. See Response to Request Nos. 1, 4, and 5.

REQUEST NO. 11:

Copies of any and all documents regarding any patent or trademark enforcement actions by Plaintiff in any market at any time since 1999.

RESPONSE TO REQUEST NO. 11:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as vague and ambiguous in its ues of the term "enforcement actions." Qwest interprets this term to mean civil actions in a court in which the cause of action is trademark infringement. Qwest objects to this Request as overly broad and unduly burdensome, and will interpret the Request to refer only to documents relating to trademarks used in connection with the relevant goods and services. Qwest objects to this

Request as calling for documents not relevant to any party's claims or defenses, to the extent it requests documents pertaining to patent enforcement actions. Qwest objects to this Request as overly broad and unduly burdensome to the extent it requests "any and all documents" pertaining to trademark enforcement actions.

Subject to these objections, Qwest produces herewith a list of federal trademark enforcement actions in which Qwest has been involved. This list was generated by searching Pacer for trademark actions involving companies including the word "Qwest" in their name; not all of the actions listed involve the plaintiff in this action. Qwest states that the public documents relating to these cases are as accessible to ConQwest as they are to Qwest.

REQUEST NO. 12:

Copies of any and all documents submitted or created by any principal, employee, or agent of the Plaintiff which relate in any way to Trademark Registration Numbers [1,966,694], [2,210,992], and [2,659,826].

RESPONSE TO REQUEST NO. 12:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this request as vague, ambiguous, unduly broad, and overly burdensome to the extent it requests documents created by any "agent of the Plaintiff," particularly to the extent it calls for Qwest to produce documents not within its custody or control. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 13:

Copies of any and all sales, marketing, advertising, and promotional documents, including but not limited to brochures, advertisements, pamphlets and website content that describe the goods and services offered by the Plaintiff since 1999.

RESPONSE TO REQUEST NO. 13:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request as overly broad and unduly burdensome, and will interpret the Request to refer only to documents relating to relevant goods and services during the Relevant Time Period. Qwest will interpret this Request as directed at documents sufficient to show the relevant goods and services offered by Qwest during the Relevant Time Period. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 14:

Copies of any and all statement of individuals from whom the Plaintiff, attorney(s) and/or investigator(s) have secured statements, or from whom statements have been secured or whose statements have been made available to the Plaintiff regarding this lawsuit or who have any information about the claims.

RESPONSE TO REQUEST NO. 14:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney work-product immunity. Qwest states that no responsive documents that are not protected by attorney work-product immunity exist.

REQUEST NO. 15:

Copies of any and all documents that list the principals, directors, officers, and agents of the Plaintiff since 1999.

RESPONSE TO REQUEST NO. 15:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome in that it seeks identification of "agents" and "principals." Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request as overly broad and unduly burdensome to the extent it requests "any and all documents"; Qwest interprets this request as calling for documents sufficient to show the requested information. Qwest further objets that all documents showing the general nature of Qwest's business including its officers and directors for April 2002 to present are available at the SEC's EDGAR web site.

Subject to these objections, Qwest will produce its SEC Form 10-K documents in the manner set forth in General Response No. 3. Furthermore, Qwest reiterates its offer to permit the inspection of relevant, responsive, non-privileged documents not subject to work-product immunity at the offices of Townsend & Townsend & Crew in San Francisco.

REQUEST NO. 16:

Copies of any and all documents that describe, depict, explain or refer the nature of Qwest's business since 1993.

RESPONSE TO REQUEST NO. 16:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome.

14

Qwest will interpret this Request to call for information about Qwest's business relating to the relevant goods and services from Qwest during the Relevant Time Period.

Subject to these objections, Qwest will produce responsive, non-privileged documents not subject to work-product immunity as set forth in General Response No. 6. In particular, Qwest will produce each of its SEC Form 10-Ks since 1997. Furthermore, Qwest reiterates its offer to permit the inspection of relevant, responsive, non-privileged documents not subject to work-product immunity at the offices of Townsend & Townsend & Crew in San Francisco.

REQUEST NO. 17:

Copies of any and all documents that describe, depict, explain or refer the nature of Qwest's customers since 1993, including any and all marketing studies, reports, and research and the identity of the individuals or entities that conducted such studies, reports, or research.

RESPONSE TO REQUEST NO. 17:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period, and will further interpret this Request as relating to Qwest's customers of the Related Goods and Services. Qwest objects to this Request as overly broad and unduly burdensome to the extent it requests "any and all documents"; Qwest interprets this request as calling for documents sufficient to show the requested information.

Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1 and 2. See Response to Requests 1 and 2.

REQUEST NO. 18:

Copies of any and all documents pertaining to when Qwest claims to have begun offering services that were the same or substantially the same as the services offered by Defendant in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 18:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request as vague and ambiguous; Qwest does not know what is meant by "documents pertaining to" a time period. Qwest interprets this Request to call for documents sufficient to prove Qwest's claim of prior use of trademarks used in connection with the relevant goods and services with the relevant goods and services. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 19:

Copies of any and all documents which support, describe, depict, explain or refer the Plaintiff's assertion that Qwest is among the largest providers of communications goods and services to business and residential consumers.

RESPONSE TO REQUEST NO. 19:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 2, 9, 13, 15, 17, and 18. See Response to Requests 1, 2, 9, 13, 15, 17, and 18.

16

REQUEST NO. 20:

Describe all telecommunications services, including but not limited to telephone services, long-distance telephone services, ISP services, etc. offered to any customers or re-sellers in any market and for a period from 1993 to the current date.

RESPONSE TO REQUEST NO. 20:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Subject to these objections, Qwest will produce its SEC Form 10-K for each year from 1999 to 2004. Furthermore, Qwest reiterates its offer to permit the inspection of relevant, responsive, non-privileged documents not subject to work-product immunity at the offices of Townsend & Townsend & Crew in San Francisco.

REQUEST NO. 21:

Copies of any and all documents which support, describe, depict, explain or refer the Plaintiff's assertion that Qwest is a recognized leader in its industry.

RESPONSE TO REQUEST NO. 21:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Subject to these objections, Qwest will produce its SEC Form 10-K for each year from 1999 to 2004. Furthermore, Qwest reiterates its offer to permit the inspection of relevant, responsive, non-privileged documents not subject to work-product immunity at the offices of Townsend & Townsend & Crew in San Francisco.

REQUEST NO. 22:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's managed security services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 22:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 23:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's virus protection services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 23:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 24:

18

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's network intrusion detection services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 24:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 25:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's virtual private network services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 25:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

<u>REQUEST NO. 26</u>:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's e-policy management services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

<u>RESPONSE TO REQUEST NO. 26</u>:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request as vague and ambiguous in its use of the term "e-policy management." Qwest will interpret this Request to call for the production of documents relating to the relevant goods and services. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

<u>REQUEST NO. 27</u>:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's internet services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

<u>RESPONSE TO REQUEST NO. 27</u>:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request as overly broad and unduly burdensome to the extent it requests "any and all documents"; Qwest interprets this request as calling for documents sufficient to show the

requested information. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 28:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's network management services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 28:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1..

REQUEST NO. 29:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's design of data information networks services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 29:

21

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 30:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's computer programs services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 30:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest objects to the use of the term "computer programs services" as vague and ambiguous. Qwest interprets this term to refer to the relevant goods and services. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 31:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's installation and maintenance of electronic data and information networks services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 31:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 32:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's intranet services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 32:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant

goods and services, as calling for information not relevant to any party's claims or defenses. Qwest objects to the use of the term "intranet services" as vague and ambiguous. Qwest interprets this term to refer to the relevant goods and services. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 33:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's extranet services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 33:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest objects to the use of the term "extranet services" as vague and ambiguous. Qwest interprets this term to refer to the relevant goods and services. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 34:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's digital fiber network services since 1993 in the

United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 34:

       Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 35:

       Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's broadband multimedia services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 35:

       Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses.

Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.


REQUEST NO. 36:

      Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's switched digital services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.


RESPONSE TO REQUEST NO. 36:

      Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.


REQUEST NO. 37

      Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's local and long distance telephone services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.


RESPONSE TO REQUEST NO. 37:

      Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney

work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 38:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's call back services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 38:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 39:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's frame relay services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 39:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 40:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's wireless telecommunications services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 40:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 41:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's credit cards and credit card services since 1993 in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 41:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 42:

Copies of any and all documents which describe, depict, explain or refer with particularity the nature and extent of Qwest's services described in Paragraphs 11, 12, 13, 14, 15, and 16 of the Complaint in this case since 1993.

RESPONSE TO REQUEST NO. 42:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses.

Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1. See Response to Request No. 1.

REQUEST NO. 43:

Copies of any and all documents pertaining to the Plaintiff's ownership of trademarks and service marks incorporating the elements "QWEST" and "Q" and the date first used by Plaintiff.

RESPONSE TO REQUEST NO. 43:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome to the extent it is unlimited as to time period. Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about trademarks other than trademarks used in connection with the relevant goods and services with the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 44:

Copies of any and all documents pertaining to the Plaintiff's presentation of trademarks and service marks in "special form" as set forth in Paragraph 11 of the Complaint.

RESPONSE TO REQUEST NO. 44:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome

30

to the extent it is unlimited as to time period. Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about trademarks other than trademarks used in connection with the relevant goods and services with the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 45:

Copies of any and all documents pertaining to the Plaintiff's pending United States Trademark Applications that include the marks "QWEST" and "Q".

RESPONSE TO REQUEST NO. 45:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome to the extent it is unlimited as to time period. Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information about products or services other than the relevant goods and services, as calling for information not relevant to any party's claims or defenses. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 46:

Copies of any and all documents pertaining to the Plaintiff's predecessors in interest.

RESPONSE TO REQUEST NO. 46:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as overly broad and unduly burdensome; Qwest will interpret this Request as limited to the Relevant Time Period. Qwest objects to this Request, to the extent it seeks information not relevant to any party's claims or defenses.

Subject to these objections, Qwest will produce its SEC form 10-K documents for each year of the Relevant Time Period, in the manner set forth in General Response Nos. 3. and 6.

REQUEST NO. 47:

Copies of any and all documents which support, describe, depict, explain, refer or relate to Plaintiff's objection to defendant's withdrawn trademark application.

RESPONSE TO REQUEST NO. 47:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity.

Subject to these objections, Qwest will produce the relevant public file history, in the manner set forth in General Response No. 6.

REQUEST NO. 48:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 22 of the Complaint that the Plaintiff's trademarks and service marks have gained strong public recognition and are "famous and renown".

RESPONSE TO REQUEST NO. 48:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney

work-product immunity. Qwest objects to this Request as calling for information not relevant to any party's claims or defenses, in light of Qwest's statement that it is no longer pursuing a claim based on trademark dilution. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 49:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 23 of the Complaint, that consumers are well-aware of the Plaintiff's trademarks and services marks and would consider them to be "famous and renown".

RESPONSE TO REQUEST NO. 49:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as calling for information not relevant to any party's claims or defenses, in light of Qwest's statement that it is no longer pursuing a claim based on trademark dilution. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 50:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 28 of the Complaint, that the Defendant knew of the Plaintiff's trademarks and service marks at the time it adopted the marks in question in this case.

RESPONSE TO REQUEST NO. 50:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the

relevant scope of Request No. 1. See Response to Request No. 1. Moreover, Qwest reserves the right to rely on documents produced by ConQwest in this litigation to further prove this assertion.

REQUEST NO. 51:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 30 of the Complaint, that the Defendant's trademarks and service marks dilute the Plaintiff's trademarks and service marks.

RESPONSE TO REQUEST NO. 51:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as calling for information not relevant to any party's claims or defenses, in light of Qwest's statement that it is no longer pursuing a claim based on trademark dilution. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 52:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 31 of the Complaint, that the Defendant's trademarks and service marks are confusingly similar to the Plaintiff's trademarks and service marks.

RESPONSE TO REQUEST NO. 52:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 53:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 33 of the Complaint, that the Defendant's goods and services are identical or highly related to the Plaintiff's goods and services.

RESPONSE TO REQUEST NO. 53:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity.

Subject to these objections, Qwest has already produced, and will again produce, copies of Qwest's and ConQwest's web sites, in addition to other responsive documents, as set forth in General Response No. 6.

REQUEST NO. 54:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 45 of the Complaint that the Defendant's actions are likely to cause confusion, deception and/or mistake in the marketplace, the relevant industry and all channels of trade in the United States, particularly in the regions of the United States situated east of the Mississippi River.

RESPONSE TO REQUEST NO. 54:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 55:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 46 of the Complaint, that the Defendant's actions are likely to cause dilution for the "famous" Qwest marks in the United States, particularly in the regions of the United States situated east of the  Mississippi River.

RESPONSE TO REQUEST NO. 55:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as calling for information not relevant to any party's claims or defenses, in light of Qwest's statement that it is no longer pursuing a claim based on trademark dilution. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.

REQUEST NO. 56:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 47 of the Complaint, that the Defendant's actions have been deliberate, willful, and with disregard to the rights of the Plaintiff.

RESPONSE TO REQUEST NO. 56:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5.. Qwest states that it expects further documents supporting its allegations to be produced in response to Qwest's Requests for the Production of Documents.

REQUEST NO. 57:

Copies of any and all documents which show, describe, depict, explain or refer to the market share for each state and each region by number of customers, revenue generated revenue share and any other comparative method.

RESPONSE TO REQUEST NO. 57:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity.

Subject to these objections, Qwest reiterates its offer set forth in General Response No. 3.

REQUEST NO. 58:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion in Paragraph 51 of the Complaint, that the Defendant's acts constitute use in commerce of a reproduction, counterfeit, copy, or colorable imitation of any of Plaintiff's registered trademarks at any time since 1999, in connection with the sale, offering for sale, distribution or advertising of any products and services offered by Plaintiff.

RESPONSE TO REQUEST NO. 58:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5. Qwest states that it expects further documents supporting its allegations to be produced in response to Qwest's Requests for the Production of Documents.

REQUEST NO. 59:

37

Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 51 of the Complaint, that the Defendant's acts constitute use in commerce of a reproduction, counterfeit, copy, or colorable imitation of any of Plaintiff's registered trademarks at any time since 1999, in connection with which such use is likely to cause confusion or to cause mistake or deceive.

RESPONSE TO REQUEST NO. 59

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5. Qwest states that it expects further documents supporting its allegations to be produced in response to Qwest's Requests for the Production of Documents.

REQUEST NO. 60:

Copies of any and all documents which show, describe, depict, explain or refer to confusion between Plaintiff's marks and Defendant's use of "CONQWEST" as a trade name.

RESPONSE TO REQUEST NO. 60:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest objects to this Request as vague and ambiguous. Qwest interprets this Request to call for documents relating to the likelihood of confusion between Qwest's marks and the ConQwest name. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5. Qwest states that it expects further documents supporting its allegations to be produced in response to Qwest's Requests for the Production of Documents.

38

REQUEST NO. 61:

Copies of any and all documents that support, describe, depict, explain or refer to the Plaintiff's assertion that it has suffered and continues to suffer irreparable injury for which no adequate remedy exists at law.

RESPONSE TO REQUEST NO. 61:

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5. Qwest states that it expects further documents supporting its allegations to be produced in response to Qwest's Requests for the Production of Documents.

REQUEST NO. 62:

Copies of any and all documents that support, describe, depict, explain or refer to the assertion, in Paragraph 55 of the Complaint, that the Defendant's acts constitute false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public.

RESPONSE TO REQUEST NO. 62

Qwest incorporates by reference each of its General Objections above. Qwest objects to this Request to the extent it seeks documents protected by attorney-client privilege or attorney work-product immunity. Qwest further objects to this Request as wholly duplicative of the relevant scope of Request No. 1, 4, and 5. See Response to Request No. 1, 4, and 5. Qwest states that it expects further documents supporting its allegations to be produced in response to Qwest's Requests for the Production of Documents.

Dated:  January 30, 2006

_____
Heidi E. Harvey (BBO 548114)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Tel:  (617) 542-5070
Fax: (617) 542-8906
Attorneys for Plaintiff


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand delivery and e-mail on January 30, 2006.


_____


Heidi E. Harvey

21244678 (2).doc

40