**UNITED STATE DISTRICT COURT**
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.: 04-11878-RCL |
| CONQWEST, INC., a Massachusetts corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTIONS TO COMPEL DEPOSITION OF DONALD DERISI, ADAM RENNERT, CHRISTINE SEARLS, KELLY MORAVEK, DOUGLAS KERRY, GARY WALDNER, AND RICK DUFFY

In support of Defendant's Motions to Compel the Depositions of Donald DeRisi, Adam Rennert, Christine Searls, Kelly Moravek, Douglas Kerry, Gary Waldner, and Rick Duffy, CONQWEST, Inc. (hereinafter "Defendant"), files this **Defendant's Memorandum in Support of Motions to Compel Deposition of Donald DeRisi, Adam Rennert, Christine Searls, Kelly Moravek, Douglas Kerry, Gary Waldner, and Rick Duffy**. For reasons set forth more fully within, Defendant states that adequate notice for such deposition was provided to each of the deponents and the deponent failed to appear or present an alternate date. Defendant states that it has been informed by Plaintiff's Counsel that Plaintiff refuses to produce any of these witness, including Donald DeRisi, Adam Rennert, Christine Searls, Kelly Moravek, Douglas Kerry, Gary Waldner, and Rick Duffy, aside from the witness identified as the Fed.R.Civ.P. 30(b)(6) deponent which was limited to Eric Nowak. Defendant states that the noticed deponents are employees of the Plaintiff who were

deliberately disclosed by the Plaintiff within Plaintiff's Initial Rule 26 Disclosure and within Plaintiff's Supplemental Rule 26 Disclosure.  As such, the Plaintiff has previously determined that each of these individuals has relevant and material information. The Plaintiff has identified in its Answers to Defendant's First Set of Interrogatories Eric Nowak, Adam Rennert, Donald DeRisi, Kelly Morave[c] (sic), Christine Searls, and Douglas Kerry as persons with whom the Plaintiff believes has relevant knowledge and information in this matter.  (A copy of the Plaintiff's Answers to Defendant's First Set of Interrogatories is attached here to as Exhibit "A").  The Plaintiff refuses to produce said witnesses under the control of the Plaintiff for deposition within this jurisdiction for no reason.

This Court must compel the depositions of Donald DeRisi, Adam Rennert, Christine Searls, Kelly Moravek, Douglas Kerry, Gary Waldner, and Rick Duffy within this Commonwealth, and further enter an Order.  Fed.R.Civ.P. 26(b)(1) permits parties to obtain discovery through document production, written interrogatories and depositions regarding any matter ". . . not privileged, that is relevant to the claim or defense or any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1).  Further, pursuant to Fed.R.Civ.P. 26(a)(1)(A), "a party <u>must, without awaiting discovery requests</u>" disclose to the opposition "(A) the <u>name and, if known, the address and telephone number of each individual likely to have discoverable information</u> that the disclosing party may use to support its claims or defenses…identifying the subjects of the information". Fed.R.Civ.P. 26(a)(1) (Emphasis Added).  Fed.R.Civ.P. 30 permits parties to take the "testimony of any person, including a party, by deposition upon oral examination…" Fed.R.Civ.P. 30(1).  Pursuant to Fed.R.Civ.P.

37(d) his Court may make such orders in regard to the failure of a party, an officer, director or a managing agent of a party to attend a properly noticed deposition as are just including entering an order ". . .prohibiting him from introducing designated matters in evidence . . ." Fed.R.Civ.P. 37(d).  Further, Fed.R.Civ.P. 26(a)(1) requires a corporate party to provide the disclosures witnesses, documents, damages, and existence of insurance to all other parties.

In this matter, the Defendant properly and timely noticed the depositions of Donald DeRisi, and Adam Rennert, immediately when first disclosed, on January 13, 2006 for January 24, 2006.  The Defendant properly and timely noticed the deposition of Christine Searls on January 13, 2006 for January 23, 2006. (Copies of the Deposition Notices of DeRisi, Rennert, and Searls are attached hereto as Exhibits "B", "C", and "D", respectively). In addition, the Defendant properly and timely noticed the depositions of Kelly Moravek, Douglas Kerry, Gary Waldner, and Rick Duffy on February 7, 2006 for February 22, 2006. (Copies of the Deposition Notices of Moravek, Kerry, Waldner and Duffy are attached hereto as Exhibits "E", "F", "G" and "H", respectively).  To date, none of the deponents have been produced by the Plaintiff.

On or about December 2004, the Plaintiff produced its Initial Rule 26 Disclosure. (A copy of Plaintiff's Initial Rule 26 Disclosure is attached hereto as Exhibit "I").  The Plaintiff's Initial Rule 26 Disclosure was patently lacking, and did not comply with Rule 26. The Plaintiff failed to identify any witnesses as required by Fed.R.Civ.P. 26(a)(1)(A). Fed.R.Civ.P. 26(a)(1)(A), "a party <u>must, without awaiting discovery requests</u>" disclose to the opposition "(A) the <u>name and, if known, the address and telephone number of each individual likely to have discoverable information</u> that the disclosing party may use to

support its claims or defenses…identifying the subjects of the information". Fed.R.Civ.P. 26(a)(1) (Emphasis Added).

On or about January 17, 2006, the Plaintiff produced its First Supplemental Initial Rule 26 Disclosure disclosing that Moravek and Kerry also had relevant and material information to this matter. (A copy of Plaintiff's First Supplemental Initial Rule 26 Disclosure is attached hereto as Exhibit "J"). Within the Supplemental Initial Rule 26 Disclosure, the Plaintiff identified deponents DeRisi, Rennert, Nowak, Moravek and Kerry as having knowledge regarding the products and services offer by Qwest and previously offered by ICON MT and Colorado SuperNet (both companies were acquired by Qwest prior to the filing of the Complaint in this action). The Plaintiff asserted representation of Mr. DeRisi, Mr. Rennert, Ms. Moravek and Mr. Kerry as they are current Qwest employees which have knowledge and information relevant and material to the Plaintiff's case. The Plaintiff has identified Mr. Nowak as its sole Rule 30(b)(6) deponent.

Finally, on or about January 19, 2006, the Plaintiff, through its counsel, Thomas Brown, informed the Defendant that it refused to produce deponents DeRisi and Rennert in the Commonwealth of Massachusetts, and refused to produced deponent Searls stating that Ms. Searls in her capacity of in-house counsel for the Plaintiff was "unlikely to reveal substantial information." (A copy of Attorney Brown's January 19, 2006 letter is attached hereto as Exhibit "K"). In addition, Attorney Brown supplemented its Initial Rule 26 Disclosure by disclosing deponents Gary Waldner and Rick Duffy as having knowledge regarding products and services offered by the Plaintiff and previously offered by Colorado SuperNet. The Plaintiff asserted representation of both Mr. Waldner and Mr. Duffy which prevents the Defendant from obtaining any information from them as they are current Qwest

employees. Also within this letter, Attorney Brown indicated that the Defendant's deposition notices were defective pursuant to Fed.R.Civ.P. 45 all non-party's required a subpoena to be served with the deposition notices. Attorney Brown then agreed to waive this alleged deficiency, and agreed to produce all witness within their home states.

At this time, the Plaintiff refuses to produce any witness, aside from the designated 30(b)(6) deponent, within the Commonwealth of Massachusetts. Specifically, within Attorney Brown's January 19, 2006 correspondence, and during telephone conversations dated January 19, 2006 and February 2, 2006 between Plaintiff's Counsel, Attorney Harvey and Defendant's Counsel, Attorney Macero (described more fully within the L.R. 7.2 Compliance Statement below), Attorney Harvey reiterated that the Plaintiff refused to produce any of these disclosed witnesses within the Commonwealth of Massachusetts.

This Court must compel the production of all of these disclosed witnesses in the Commonwealth of Massachusetts. The Plaintiff has no basis to refuse to produce witness which it has disclosed in Rule 26 disclosures, and which it claims has information clearly relevant to this matter. Fed.R.Civ.P. 26(a)(1)(A), "a party <u>must, without awaiting discovery requests</u>" disclose to the opposition "(A) the <u>name and, if known, the address and telephone number of each individual likely to have discoverable information</u> that the disclosing party may use to support its claims or defenses…identifying the subjects of the information". Fed.R.Civ.P. 26(a)(1) (Emphasis Added). Further, the Plaintiff has asserted representation of each of the deponents and has limited the Defendant to contacting the deponents only through the Plaintiff's Counsel via deposition notices. The deposition notices were proper. Plaintiff's Counsel asserted representation of all of these disclosed witnesses and has limited the Defendant's right and methods to contact the deponents. As the Plaintiff has asserted

representation and as the disclosed witnesses are employees of the Plaintiff, the Plaintiff has control over the witnesses. Each deponent is an employee of a party to the litigation, and therefore not subject to Rule 45. As such, the deposition notices are proper. The Plaintiff has no basis to refuse to produce the deponents in the Commonwealth is a violation of Rule 26 and Rule 30.

The basis of the Plaintiff's claims against the Defendant hinge and are based solely upon the Plaintiff's presence within the Commonwealth, the Plaintiff's offering of similar goods and services in the Commonwealth, and that the Defendant's use of its own approved trademark (CONQWEST) in the Commonwealth infringes upon the Plaintiff's trademark (QWEST). The Plaintiff has identified the deponents as having relevant information pertaining to the products and services offered by Qwest and its predecessors, the Qwest trademarks, and the geographic regions where Qwest offers its goods and services. The Plaintiff's claimed presence in the Commonwealth requires any and all witnesses disclosed by the Plaintiff to be produced in the Commonwealth of Massachusetts. Allowing the Plaintiff to refuse to produce disclosed witnesses within the Commonwealth would ratify the Plaintiff's blatant attempt to prevent the Defendant from conducting a full and complete discovery which it is entitled by Fed.R.Civ.P. 26.

WHEREFORE, the Defendant requests this Court to issue an order compelling the Plaintiff to produce witnesses Donald DeRisi, Adam Rennert, Christine Searls, Kelly Moravek, Douglas Kerry, Gary Waldner, and Rick Duffy for deposition within (5) days of the date of the Order. The Defendant also requests attorney's fees and costs against the Plaintiff for the Plaintiff's willful and blatant failure to comply with discovery pursuant to Rules 26 and 30.

Respectfully submitted,

Defendant,
CONQWEST, INC.,
By its attorney:

_____
Rosemary A. Macero (BBO # 544271)
Macero & Associates, P.C.
One Thompson Square, Suite 301
Boston, MA 02129
(617) 242-5000

Dated: February 8, 2006

**CERTIFICATE OF SERVICE**

    I, Rosemary A. Macero of Macero & Associates, P.C., hereby certify that on the 8th day of February, 2006, I caused a copy of the foregoing document to be served by First Class Mail, postage prepaid, upon Heidi Harvey attorney for Qwest Communications International, Inc., at 225 Franklin Street, Boston, MA 02110-2804.

_____
Rosemary A. Macero