UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.: 04-11878-RCL |
| CONQWEST, INC., a Massachusetts corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S MOTION TO COMPEL DEPOSITION OF GARY WALDNER

Defendant, CONQWEST, Inc. (hereinafter "Defendant"), respectfully moves this Court to compel the deposition of Gary Waldner within the Commonwealth of Massachusetts. For reasons set forth more fully in **Defendant's Memorandum in Support of Motions to Compel Deposition of Donald DeRisi, Adam Rennert, Christine Searls, Kelly Moravek, Douglas Kerry, Gary Waldner, and Rick Duffy**, filed herewith, Defendant states that adequate notice for such deposition was provided and the deponent failed to appear or present an alternate date. Defendant states that it has been informed by Plaintiff's Counsel that Plaintiff refuses to produce any witness in the Commonwealth of Massachusetts, including Gary Waldner, aside from the witness identified as the Fed.R.Civ.P. 30(b)(6) deponent. Defendant states that the noticed deponents are employees of the Plaintiff who were disclosed by the Plaintiff within Plaintiff's Initial Rule 26 Disclosure and within Plaintiff's Supplemental Rule 26 Disclosure. Disclosure and within Plaintiff's Supplemental Rule 26 Disclosure. Disclosure and within Plaintiff's Supplemental

Rule 26 Disclosure as witnesses having relevant and material information to support the Plaintiff's case. The Plaintiff now refuses to produce said witness within the jurisdiction. It is a hardship on defendant to travel to seek relevant discoverable relative evidence to Plaintiff's case and as such the Court must Order deponent be produced within the jurisdiction.

**WHEREFORE**, Defendant respectfully requests that this Court enter an Order:

1. To compel Donald DeRisi to appear for his deposition within the Commonwealth of Massachusetts within five (5) days of the date of said Order;

2. For costs associated with bringing the within Motion to Compel; and

3. For such other and further relief as this Court deems necessary and just.

Defendant,
CONQWEST, Inc.
By their attorneys,

_____
Rosemary A. Macero, BBO# 544271
Macero & Associates, P.C.
One Thompson Square, Suite 301
Boston, MA  02129
617-242-5000

Dated: February 8, 2006

### CERTIFICATE OF SERVICE

I, Rosemary A. Macero of Macero & Associates, P.C., hereby certify that on the 8th day of February, 2006, I caused a copy of the foregoing document to be served by First Class Mail, postage prepaid, upon Heidi Harvey attorney for Qwest Communications International, Inc., at 225 Franklin Street, Boston, MA 02110-2804.

_____
Rosemary A. Macero