UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>CONQWEST, INC.,<br><br>    Defendant. | Civil Action No. 04-cv-11878 RCL |

**OPPOSITION TO DEFENDANT'S MOTIONS TO COMPEL DEPOSITIONS**

  Plaintiff Qwest Communications International, Inc. ("Qwest") hereby opposes each of Defendant ConQwest, Inc.'s ("ConQwest's") Motions to Compel Depositions (Docket Nos. 40-46).

  ConQwest seeks to compel the attendance, in Massachusetts, of employees of plaintiff Qwest who do not reside in Massachusetts and who are not named a named party, principal, officer, or managing agent of a party. Such a witness's attendance may only be compelled by a subpoena in conformance with Rule 45, including a location for the deposition within 100 miles of the witness' residence or workplace. No such subpoena has been served. ConQwest's motions therefore are without any good faith basis in law and should be denied.

  Each of the noticed deponents is an employee of Qwest. None is a party, or a principal, officer, or managing agent of a party. *See* Declaration of Christine Searls, ex. A, at ¶ 12.) Therefore, none is subject to a Notice of Deposition under Fed. R. Civ. P. 30, and, instead, each must be subpoenaed under Fed. R. Civ. P. 45. *United States v. Afram Lines, Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994) ("[A] corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Such a witness must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure. . . .") (citations omitted); *Mitsui & Co. v. Puerto Rico Water Resources Auth.*, 93 F.R.D. 62, 65 (D.P.R. 1981)

("Except where the employee has been designated by the corporation under Rule 30(b)(6) . . . , or is an officer, director, or managing agent of the corporation, an employee is treated in the same way as any other witness. His presence must be obtained by subpoena rather than by notice. . . ."); *Cleveland v. Palmsby*, 75 F.R.D. 654, 656 (W.D. Okla. 1977) (same); *Doyle v. Hoyle*, Civ. No. 94-244-SD, 1995 WL 113933, *5 (D.N.H. March 14, 1995) ("[T]he presence of [a party's employee] at a deposition, as with any other nonparty, must be obtained by subpoena rather than by notice of deposition.").

No subpoena was served on any of the purported deponents. A Rule 45 subpoena must be served within the district in which the deposition is to take place, or within 100 miles of the location of the deposition. Fed. R. Civ. P. 45(b)(2). ConQwest cannot effect valid service, if the deposition is to take place in Boston, since each of the deponents resides and works more than 100 miles from Boston. (Declaration of Christine Searls, ex. A, at ¶¶ 3-11.) *See, e.g., Smith v. BIC Corp.*, 121 F.R.D. 235, 245 (E.D. Pa. 1988) (holding that a subpoena for a deposition to take place than 100 miles from witness's residence was "a nullity"); *Muratore v. M/S Scotia Prince*, 663 F. Supp. 484, 490 (D. Me. 1987) ("Any person can be required to attend a deposition within one hundred miles from his or her place of residence, employment, or business, or other convenient place by order of the Court. Any other subpoena is void.") (citations omitted); 9AC. Wright & A. Miller, *Federal Practice and Procedure* § 2460 (2d ed. 1995 & 2005 supp.); *see also U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 76, 108 S.Ct. 2268, 2270, 101 L.Ed.2d 69 (1988) (a court cannot issue a subpoena to a witness over whom it lacks personal jurisdiction). Any valid subpoena must issue from a court that has personal jurisdiction over the purported deponent, and must be noticed for a location within that court's jurisdiction. *See* Fed. R. Civ. P. 45(a)(2).

Qwest offered each of the noticed witnesses for depositions in their home states. Because none of the purported deponents resides in Massachusetts, that is all that is required under the Federal Rules.

For the foregoing reasons, ConQwest's motions to compel depositions (Docket Nos. 40-46) should be denied. Qwest reserves the right to make a motion for expenses and fees under Fed. R. Civ. P. 37(a)(4)(B).

| | |
|---|---|
| Dated: February 13, 2006 | /s/ Thomas A. Brown<br>Heidi E. Harvey (BBO 548114)<br>Thomas A. Brown (BBO #657715)<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Tel: (617) 542-5070<br>Fax: (617) 542-8906<br>Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this thirteenth day of February, 2006.

/s/ Thomas A. Brown
Thomas A. Brown

Document in ProLaw