UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>CONQWEST, INC.,<br><br>        Defendant. | Civil Action No. 04-cv-11878 RCL |

**OPPOSITION TO DEFENDANT'S APPLICATION FOR FINAL JUDGMENT**

Plaintiff Qwest Communications International, Inc. ("Qwest") opposes defendant ConQwest, Inc.'s ("ConQwest's") filing captioned "Defendant's Application for Final Judgment Against Plaintiff, Qwest Communications International, Pursuant to Fed.R.Civ.P.33(b)(4)" (Docket No. 37). ConQwest's filing requests that this Court dismiss this action as a result of Qwest's purported failure to respond to ConQwest's interrogatories. Qwest therefore treats this filing as a motion to dismiss under Fed. R. Civ. P. 37(d).

Without attempting to confer, ConQwest moves for dismissal based on Qwest's alleged failure to serve interrogatory responses. ConQwest made this request knowing that Qwest's interrogatory responses would be served just hours after its motion was filed. ConQwest's motion should be denied for failure to comply with the meet-and-confer requirements of the national and local rules. In addition, because ConQwest did not object to Qwest's proposal—even during a telephonic meet-and-confer on February 2—ConQwest's motion should be denied as premature.

Until November of 2005, both parties believed they would be able to settle their dispute. (*See* Docket No. 23 ("The parties have had extended discussions regarding settlement in this case and have delayed discovery and conserved costs as a part of those discussions.").) On November

22, ConQwest unilaterally demanded that Qwest resume discovery, despite having agreed less than two weeks earlier that the parties had "delayed discovery."

In response to ConQwest's November 22 letter, Qwest focused its energy in December and January on collecting documents responsive to ConQwest's discovery requests. This process was completed on January 30, when Qwest served over 14,000 responsive documents on ConQwest.

Qwest next turned to the outstanding interrogatories, which could not have been meaningfully responded to before the documents had been collected and reviewed. On January 31, 2006, Qwest notified ConQwest's counsel that Qwest would be serving its responses to ConQwest's interrogatories by the end of the week (i.e., by Friday, February 3). (*See* Letter of Heidi E. Harvey to Rosemary A. Macero, ex. A, at 2 ("I am working on substantive responses to your interrogatories and plan to serve initial responses and objections by the end of the week.").) Qwest's counsel also invited a conference to resolve any outstanding discovery disputes. (*See id.* at 1 ("[W]e are available to discuss the various discovery issues tomorrow morning at 10 a.m., weather permitting. However, we are generally open tomorrow so if another time is better, please let one of us know as soon as convenient.").)

Counsel for ConQwest ultimately agreed to a conference. The parties spoke by telephone on Thursday, February 2, 2006. During this conference, ConQwest did not once mention Qwest's interrogatory responses, or in any way suggest that Qwest's proposal to serve its responses by Friday, February 3 was unacceptable.[1]

On Friday, February 3, 2006, at 1:35 P.M.—before the end of the day on which Qwest had promised to serve its interrogatory answers—ConQwest filed its motion for final judgment. Several hours later, Qwest served its responses to ConQwest's interrogatories (Ex. B) by FedEx.[2] The responses were delivered on Monday, February 6. (*See* Exs. C & D.)

---

[1] ConQwest does not contend otherwise, since in its Certificate of Conference, ConQwest's attorney does not reference the February 2, 2006 discovery conference.
[2] One previous attempt to serve documents by hand had been rebuffed. (*See* Docket No. 38, ex. E.)

2

ConQwest's motion should be denied for failure to comply with D. Mass. L.R. 37.1, Fed. R. Civ. P. 37(a)(2), and D. Mass. L.R. 7.1, requiring a party to meet and confer before filing a discovery motion. ConQwest purports to have complied with L.R. 7.1 by having "sent letters to Plaintiff's Counsel on November 22, 2005 and November 30, 2005." These are the same letters ConQwest relied on in moving to compel the production of documents. (*See* Docket No. 29 at 2.)

In its opposition to that motion, Qwest pointed out the inadequacy of these letters: although they express demands, they do not include any attempt to confer on the issues raised. (*See* Letters from Rosemary A. Macero to Heidi E. Harvey, exs. D & E.) And, although Local Rule 37.1 provides that discovery conferences may take place via telephone, it does not provide that unilateral written demands on the part of one party, with no attempt to discuss the issue with the other party, constitutes a conference within the meaning of the rule. The rule certainly does not permit a party, knowing that discovery responses are forthcoming, to file a discovery motion hours before the discovery is scheduled to be served. Certainly the rules at least require the dissatisfied party to indicate its dissatisfaction before seeking relief from the court. And Qwest was entitled, in serving its discovery responses to rely on ConQwest's failure to indicate its dissent.

Moreover, ConQwest's requested sanction is wholly uncalled for.

> Dismissal with prejudice is a harsh sanction, which runs counter to our strong policy favoring the disposition of cases on the merits. As a result, we have indicated that such an option should be employed only when a plaintiff's misconduct has been extreme. A finding of extreme misconduct is warranted in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance such as prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time.

*Figueroa Ruiz v. Alegria,* 896 F.2d 645, 647-648 (1st Cir. 1990) (citations and quotation marks omitted). This is not a situation of years of protected inaction, disobedience of a court order, contumacious conduct, or any other aggravating circumstance sufficient to warrant dismissal.

Finally, ConQwest cannot demonstrate any prejudice stemming from the date of Qwest's service of interrogatories. Qwest has offered a deponent under Fed. R. Civ. P. 30(b)(6); this deposition has been rescheduled repeatedly at ConQwest's request. (*See* Ex. E.) Qwest has produced thousands of pages of documents on CD, with thousands more available for inspection. (*See* Ex. A & Docket No. 38, Ex. F.) And Qwest has served each of its responses, as promised, in a reasonable amount of time.

For the foregoing reasons, Qwest respectfully requests that this Court deny ConQwest's filing captioned as an Application for Final Judgment.


Dated: February 13, 2006                    /s/ Thomas A. Brown
                                            Heidi E. Harvey (BBO 548114)
                                            Thomas A. Brown (BBO #657715)
                                            FISH & RICHARDSON P.C.
                                            225 Franklin Street
                                            Boston, MA  02110-2804
                                            Tel:  (617) 542-5070
                                            Fax: (617) 542-8906
                                            Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this thirteenth day of February, 2006.

                                            /s/ Thomas A. Brown
                                            Thomas A. Brown

Document in ProLaw