**UNITED STATE DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| QWEST COMMUNICATIONS ) INTERNATIONAL, INC., ) a Delaware corporation, ) ) Plaintiff, ) ) v. ) ) CONQWEST, INC., ) a Massachusetts corporation, ) ) Defendant. ) ) | CIVIL ACTION NO.: 04-11878-RCL |

**DEFENDANT, CONQWEST INC.'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND CROSS MOTION TO REMOVE ALL CONFIDENTIAL DESIGNATION FROM THE 14,000 PAGES PROVIDED ON OR ABOUT JANUARY 31, 2006 SUBJECT TO THIS ORDER**

NOW COMES the Defendant, CONQWEST Inc. (hereinafter "Defendant") and

in opposition to the Plaintiff, Qwest Communications International, Inc.'s (hereinafter

"Plaintiff") Emergency Motion for Temporary Restraining Order and further cross moves

this Court to remove the Confidential Designation on all of the 14,000 pages of

documents produced by the Plaintiff on January 31, 2006.  For cause, the Defendant

states that the Plaintiff has made no showing of irreparable harm and has also made

insufficient showing that all of the 14,000 pages are either proprietary or trade secret such

that any harm would come to the Plaintiff from the disclosure of these documents in this

case or in the public realm.  As such, the Defendant cross moves to remove the

confidential designation for all records which predate the filing of this suit in June 2004

as such records are now approaching two years old the disclosure of which can not be

demonstrated to harm the Plaintiff as is required by the impoundment procedures of this

Court.

**PROCEDURAL HISTORY**

The Plaintiff filed this suit originally in Federal District Court of Colorado in

early 2004 which suit was summarily dismissed for lack of personal jurisdiction over the

Defendant.  The Plaintiff refiled the suit June 2004 in this Court.  On or about early

February 2005, the Defendant served document requests and interrogatories on the

Plaintiff.  The Plaintiff has just responded to the Defendant's First Request for the

Production of Documents on February 3, 2006.  The Plaintiff failed to produce any

documents required by the Automatic Disclosures under Rule 26 at any time.  The

Plaintiff also failed to respond to the document request in any way until January 31,

2006.  The Defendant first requested the production of documents in February 2005 at

which time it was represented that the request would entail the production of certain

confidential information such as current customer lists.  To facilitate the production, the

Plaintiff's counsel requested and the Defendant's counsel agreed to the format of a

protective order which was filed with the Court.  Subsequently, the Court denied the

Protective Order and the Plaintiff failed to renew its request for any such designation.

During the months of June – October not less than multiple times monthly the

Defendant's counsel pressed the Plaintiff's counsel for the production of the documents

and was told that the documents were in San Francisco and counsel for Plaintiff would

have to go to review the documents for production.  This representation was made during

July and August 2005.  Although the parties had agreed to request a mediation to see if

settlement was possible, the Defendant continued to press the Plaintiff for documents.

During October, the Plaintiff's counsel represented that documents would be produced electronically by email and eventually a few days prior to the October 27, 2005 mediation session, the Plaintiff produced certain documents from 2004 electronically and with no confidential designation. The mediation was unsuccessful. On or about November 11, 2005, the Defendant in writing requested that the Plaintiff produce documents in advance of the continued mediation session scheduled for December 9, 2005. The Plaintiff refused to produce documents citing the mediation as an excuse to avoid production. No mention was made of a protective order or confidentiality. The Defendant followed up with a further request on November 23, 2005. This demand was also declined with no mention of the protective order or confidentiality. The Plaintiff's new counsel then suggested that some discovery be completed before the rescheduled mediation in January, 2006. The plaintiff made no mention of the protective order, confidentiality or even providing the documents. Finally, when no documents were produced by January 11, 2006, the Defendant moved to compel the document production. The Plaintiff filed an opposition and the motion remains pending.

In the Plaintiff's opposition, the Plaintiff goes to great lengths to explain how the plaintiff has been searching for the documents actively since early November. Further, the Plaintiff makes no mention in its opposition to the Motion to Compel that the production did not occur because no protective order was in place. The Plaintiff also goes on to make many material misrepresentations about the status of discovery to hide the fact that the Plaintiff has consistently failed and refused to produce any discovery documentary or otherwise.

Now the Plaintiff in its document response takes the position that it does not have to produce all documents in the Commonwealth and that documents were previously made available in San Francisco as early as March 2005, which although patently untrue and inconsistent with the Plaintiff's statements made under Rule 11 in its opposition to the Motion to Compel, but has also failed to claim any confidentiality with regard to such documents or in deed any documents until this Motion for Temporary Restraining Order.

The Defendant agreed in principal to facilitate certain discovery in limited situation, that a protective order for confidential trade secret materials is appropriate. Based upon a very brief review the 14,000 pages of documents produced, there does no appear to be any document which necessitates the protection of trade secret or such a high degree of confidentiality of "attorney's eyes only". As such, the Defendant told the Plaintiff that the designation was extremely overbroad and not warranted. When the Plaintiff refused to limit the overbroad baseless assertion of the protective order and the "attorney eyes only" designation over documents which are 1) already in the public realm such as archived web pages or other marketing materials, SEC reporting and corporate documentation (which has not been produced in any form) 2) materials routinely disseminated to others such as old invoices or quotations which date back to before June 2004 and have no bearing on current product pricing or availability, 3) product description and reseller information provided by others 4) description of services – none of which has any relevance to any trade secret. In fact, the Defendant invited the Plaintiff's counsel to identify any such documents which may be sensitive and instead of taking an opportunity to make such identification has refused to do so.

Further, the affidavit submitted by Christine Searles is woefully deficient of the description of any specific document which contains a trade secret, financial information which is not otherwise required by Qwest to be reported to its shareholders or the SEC, documents which describe "pricing policies" or "business plans" which are presently in force and effect. Basically the documents provided all predate 2004 and to the extent that they form pricing policy or business plans for years prior to 2004, the pricing and plans have already been carried or not as the case may be and are not confidential. Further, the Plaintiff has even designated as confidential prior court filings in the Colorado suit or with the U.S. Patent and Trademark Office or other publicly available information which even if disclosed would not be a violation of the protective order. To suggest that there is some type of confidentiality which applies to these documents either in the public realm or which are old and non-sensitive is patently ridiculous and as such the attempt to designate these 14,000 pages as "Confidential – Attorney's Eyes Only" has no basis in law or in the protective order terms as discussed and agreed to.

Finally, to the extent that there may be trade secrets, the Defendant has invited the Plaintiff to identify such documents so that the Defendant can evaluate the claim as to specific documents and not in a blanket fashion to 14,000 pages. The Plaintiff has refused and now wastes this Court's time to force a protective order over what can only be described as 14,000 pages of old junk. Notwithstanding its position, the Defendant did agree to give the Plaintiff time to address the protective order issue with the Court. Instead of doing so, the Plaintiff now tries to make the Defendant, who is just attempting to complete the required discovery to defend itself from the Plaintiff's baseless claims, which discovery has been outstanding for over one year (the bulk of which has not even

been produced) unreasonable merely to hide the Plaintiff's repeated obstruction, misrepresentations and failure to comply with simple discovery which it has had for over one year. See correspondence dated January 24, 2006 and January 30, 2006 regarding outstanding discovery.

A brief relevant history regarding the rejected Protective Order:

On or about February 2005, the parties submitted a proposed Protective Order, which among other things, provided that for materials which a designating party "reasonably believe to constitute Highly Confidential Information" may be marked "ATTORNEY'S EYES ONLY." (See Exhibit H of Plaintiff' Emergency Motion for Temporary Restraining Order, Redline Protective Order ¶ III (E)). On June 4, 2005, this Court denied that Motion to enter the Protective Order for its failure to fully comply with L.R. 7.2's impoundment procedures. As of this date, Plaintiff has failed to correct the failure which was the basis for this Court denial of the Protective Order.

On or about January 30, 2006, Plaintiff, via telephone, requested that Defendant broaden the scope of the Protective Order that was submitted on or about February 2005 and denied on or about June 4, 2005. At that point, Defendant's Counsel informed Plaintiff's Counsel that Defendant would not agree to any changes in the Protective Order without an explanation as to how the original terms of the Protective Order were "deficient." On or about February 2, 2006, after an exchange of telephone calls, emails and letters between the Counsel's, Defendant's Counsel informed Plaintiff's Counsel that as a result of the recent inquiries by Plaintiff to change the terms of the proposed Protective Order, that she no longer felt bound by its terms. At no time has Defendant's

Counsel indicated or given reason to believe that she would disseminate any materials

marked "confidential" by Plaintiff's Counsel.

## ARGUMENT

The Defendant requests this Court deny in its entirety the Plaintiff's Motion for a

Temporary Restraining Order since there is absolutely no proof that the Defendant as

violated a protective order of this Court or disclosed documents or information which is

trade secret or entitled to any protection from the public.  The Plaintiff has absolutely no

basis to claim that Defendant violated a protective order which has not issued, for

documents which have been in the public realm or are so old and aged as to not have any

relevance to current market conditions and as such do not enjoy any status as a trade

secret.  The Plaintiff is merely a Value Added Reseller for many of the products provided

which means that there is no trade secret in the production or sale of the product because

it is produced by others under other names and sold by many others other than Qwest and

there is no secret to the past pricing as the sales if any have already been made.  So no

protection need apply and the Court must order the 14,000 pages produced on January 31,

2006, not confidential.

Further, to the extent that there may be any specific pages in the 14,000 which

arguably have some present relevance to trade secret, the Plaintiff through counsel has

had an opportunity to identify those documents but has refused to do so and now wants

only to cast a shroud of protection over documents in the public realm or that may be so

old that they have no bearing on any present strategy.  Finally, Defendant states that at no

time did Defendant indicate to or threaten Plaintiff that it would disseminate or intended

to disseminate any documentation which the Plaintiff designated as "confidential",

"highly confidential" or "For Attorneys Eyes Only" until such time as the Plaintiff could

take this issue up with the Court.  Instead of taking it up with the Court from June 2005

when the order did not enter or in November when the document production issue was

pressed, the first time the Plaintiff mentions it is now when the Plaintiff has still failed to

produce the responsive documents in the Commonwealth to divert the Court's attention

from the Plaintiff's continued non-compliance with the rules.

Defendant states that Plaintiff would not be irreparably harmed (a showing which

is required by Fed.R.Civ.P. 65(b)(1)) as Defendant has not and does not intend to

disregard the allegedly confidential nature of the over 14,000 documents produced by

Plaintiff on January 31, 2006.  As for Plaintiff's designation of "Confidential – For

Attorneys Eyes Only" for each of the approximately 14,000 documents produced in

response to Defendant's First Request for the Production of Documents, Defendant states

that it appears that most, if not all, of the documents produced are not entitled to any

protections of confidentiality.

## I.  EXISTENCE OF PROTECTIVE ORDER

Defendant states that on or about February 2005, with then Plaintiff's Counsel,

Kurt Lewis, the parties negotiated and agreed to the terms of a Protective Order to be

filed by Joint Motion with this Court.  (See Docket Entry 9).  This Court denied the entry

of the Protective Order on June 4, 2005 impart because the Protective Order failed to

fully comply with L.R. 7.2's impoundment procedures.  On or about June 29, 2005, the

parties filed the Stipulated Motion to Amend Pretrial Schedule and Enter Protective

Order.  (See Docket Entry 17).  On or about June 30, 2005, this Court granted the motion

and amended the Pretrial schedule.

On or about January 2006, Plaintiff's Counsel inquired of Defendant's Counsel her willingness to make changes to the proposed Protective Order, and to file a joint motion with the Court. At that time, Defendant's Counsel informed Plaintiff's Counsel that she was unwilling to change the terms of the proposed Protective Order unless Plaintiff provides an explanation as to how the original terms of the Protective Order were "deficient." Plaintiff has not provided Defendant with any explanation as of this date. It is clear that Plaintiff has been conducting this action since June 2005 with the understanding that there is no Protective Order in place, either with the parties or with this Court. Had Plaintiff believed the original proposed Protective Order to be binding upon it, it would have not requested that Defendant change and broaden the original terms of the proposed Protective Order.

In the absence of a valid and binding Protective Order allowed by this Court, Plaintiff's Emergency Motion for Temporary Restraining Order must be denied as Plaintiff's Emergency Motion is based solely upon Defendant's alleged violations of the proposed Protective Order. As such, this Court must deny Plaintiff's Emergency Motion for Temporary Restraining Order.

## II. COMPLIANCE WITH PROTECTIVE ORDER

Assuming arguendo, that this Court determines that the parties are bound by the terms of the proposed Protective Order as filed with this Court on or about February 2005, Defendant states that at no time has Defendant's Counsel indicated to Plaintiff's Counsel that it intended to disseminate any documentation contained in the approximately 14,000 page production of documents; that at no time has Defendant's Counsel threatened to disseminate any documentation contained in the approximately

14,000 page production of documents; and that Defendant has not disseminated any

documentation contained in the approximately 14,000 page production of documents, or

any other documentation which has been marked "confidential" in any respect.

Instead, on or about January 30, 2006, Defendant's Counsel merely pointed out to

Plaintiff's Counsel that the Court never allowed any such Protective Order based on the

failure of the parties to comply with L.R. 7.2's impoundment of confidential materials

procedures, and that, as far Defendant is concerned, this Court is not the proper venue to

discuss discovery disputes.  In addition, on February 3, 2006, Defendant's Counsel

further attempted to convey to Plaintiff's Counsel that Defendant would not disseminate

any of the materials marked "confidential" out of professional courtesy, but that

Plaintiff's use of the "Confidential – For Attorney's Eyes Only" designation for all

14,000 documents produced on January 31, 2006, was an abuse of the designation.

On the above statements, it is clear that Plaintiff is unable to meet Fed.R.Civ.P.

Rule 65(b)(1)'s requirement that in order for any court to issue temporary injunctive

relief, the requesting party must show that the requesting party will be immediately and

irreparably injured.  Specifically, Defendant's Counsel has not indicated that it would

disseminate allegedly confidential materials, it has not threatened to disseminate

allegedly confidential materials, and has not disseminated allegedly confidential

materials.  See Exhibit A –Correspondence dated February 3, 2006.  Further, Plaintiff's

Counsel has no reason to believe that Defendant's Counsel would disseminate any of the

documentation.

Plaintiff, at best, can show that Defendant's Counsel is cognizant of the fact that

this Court has not allowed a Protective Order, that Defendant's Counsel is aware that the

parties previously agreed on the terms of a Protective Order which this Court denied, and

that the Defendant's Counsel is in possession of materials which Plaintiff's Counsel has

designated as confidential according to the terms of an disallowed Protective Order.

Plaintiff can not show that Plaintiff will be immediately and irreparably injured if this

Court does not grant the instant motion as required by Fed.R.Civ.P. Rule 65(b)(1), and

therefore, this Court must deny Plaintiff's Emergency Motion for Temporary Restraining

Order.

## III.  DESIGNATION OF CONFIDENTIAL MATERIALS

Assuming arguendo, that this Court determines that the parties are bound by the

terms of the proposed Protective Order as filed with this Court on or about February

2005, Defendant states that Plaintiff's Counsel has abused the privileged of marking

certain documents as "Confidential – ATTORNEY'S EYES ONLY."   According to

Protective Order ¶ III (E), in the event that a party "reasonably believes[s]" certain

documents to "constitute Highly Confidential Information" those documents may be

marked "ATTORNEY'S EYES ONLY."  The designation "Confidential –

ATTORNEY'S EYES ONLY" was clearly intended to protect those materials that the

designating party reasonably believed should not be disclosed to the party as a result of

the party's relative competitor status.  Such documents would only be disclosed for

review to the Attorney of the party, and not to the party directly or indirectly.

Further, it is generally the position of the Courts to disfavor the impoundment and

the branding of information as confidential which information may have public

significance.  In the instant case, it is apparent that in no less than 5 other cases has the

Plaintiff advanced similar claims in various Federal Courts and has similarly sought to

impound and prevent the disclosure of not only the litigation file but the terms of its

resolution.  The Plaintiff has commenced this offensive action which is baseless but now

seeks to retain privacy of documents which have no impact on the Plaintiff's ability to do

business or to maintain its market position merely to hamper the Defendant's ability to

gain access and efficiently utilize such documentation in defense of the Plaintiff's claims.

In this matter, Plaintiff provided approximately 14,000 documents in response to

Defendant's First Request for the Production of Documents.  Plaintiff designated each

and every document as "Confidential – ATTORNEY'S EYES ONLY."  Contained in

these materials that Plaintiff has designated as "Confidential – ATTORNEY'S EYES

ONLY" are screenshots of Plaintiff's current webpage and archived webpage which both

publicly available today by accessing www.qwest.com or www.archive.org, Securities

and Exchange Commissions filings currently on record and downloadable for public

viewing on the SEC webpage, and invoices and purchase orders dating back to 1999.

Clearly materials that are currently available in the public realm can not be considered

"Confidential – ATTORNEY'S EYES ONLY", even to the most discriminating party.

Upon Defendant's cursory review of the approximate 14,000 pages electronically

produced on January 31, 2006, it is evident that Plaintiff has merely designated these

documents as "Confidential – ATTORNEY'S EYES ONLY" so as to impede Defendant

and Defendant's Counsel from performing a full and complete review of the materials.

Plaintiff has blatantly abused the designation of "Confidential – ATTORNEY'S EYES

ONLY" as many if not all of the materials provided by Plaintiff would have been more

than sufficiently protected with the designation of "Confidential."

Plaintiff has blatantly abused the designation of "Confidential – ATTORNEY'S

EYES ONLY" by attaching the designation to materials that clearly do not warrant such

highly regarded protection.  As such, this Court must deny Plaintiff's Emergency Motion

for Temporary Restraining Order.

WHEREFORE, Defendant, CONQWEST, INC. states that this Court must deny

Plaintiff, Qwest Communications International, Inc.'s Emergency Motion for Temporary

Restraining Order and allow the Defendant's cross Motion to remove all confidential

designation of the documents, and to award Defendant attorney's fees incurred in

responding to Plaintiff's Emergency Motion in the amount of $2000.

Respectfully submitted,

Defendant,
CONQWEST, INC.,
By its attorney:

_____
Rosemary A. Macero (BBO # 544271)
Macero & Associates, P.C.
One Thompson Square, Suite 301
Boston, MA 02129
(617) 242-5000

Dated: February 7, 2006