# MACERO & ASSOCIATES, P.C.
**Attorneys At Law**
One Thompson Square
Suite 301
Boston, MA 02129

Rosemary A. Macero  
ram@macerolaw.com

Phone (617) 242-5000  
Fax    (617) 242-5566

February 3, 2006

**VIA EMAIL ONLY**

Heidi E. Harvey  
Fish & Richardson P.C.  
225 Franklin Street  
Boston, MA 02110-2804

Re:    Qwest Communications International, Inc. v. CONQWEST, Inc.  
       Civil Action No.: 04-cv-11878 RCL

Dear Ms. Harvey:

      This letter will confirm our conversation of February 2, 2006 regarding the outstanding discovery issues and scheduling.

      You have agreed to identify the balance of the witnesses which you will be producing to respond to the Qwest Rule 30(b) 6 notice by disclosing the names and topics and dates such individuals will be presented and the order of presentation not later than today. You have been promising this information since January 19, 2006 and again I will calmly await the production. We have also discussed my request that you produce the balance of the witnesses disclosed on the supplemented corporate disclosure within the Commonwealth. You have confirmed that you refuse to do so. I will seek relief from the Court on this issue.

      I have received your Rule 30(b)6 notice of CONQWEST. I will be preparing an objection to same. I will also contact Michelle Drolet and will provide you with notice of the designation of the witness(es) who will respond. To the extent that Ms. Drolet will respond, we will produce her individually and as designee at the same time.

      As for the commencement of the Qwest 30(b)6 deposition with Eric Nowak for certain designated topics, given the late production of any documents (not received until Tuesday, January 31, 2006 and amounting to some 15,000 pages of electronic information in a virtually unusable format) and your failure to produce the balance of the documents requested, for review here in Boston or in an electronic format, it will be impossible for me to proceed on the date which you provided for the deposition on or about January 24, 2006. Obviously, had the document production been provided by you

at or about that time and had the document production been in a useful format and complete, the date of February 8, 2006 would have been possible to commence the Qwest 30(b)6 deposition. Unfortunately, at all relevant times, you knowingly failed to produce documents and now refuse to produce them in the Commonwealth and instead take the position that the balance of the documents would only be produced in San Francisco at Townsend, Townsend and Crew's offices, which is both unreasonable and specifically designed to obstruct the discovery process. I remind you that your client started this litigation two times, one time in the wrong forum and now in the Commonwealth and therefore since it takes the position that it does business here and on the East Coast which is so long term and important, that it will maintain the action, then it must be prepared to provide the proof of its claims and all other relevant discovery here in the Commonwealth. Since you refuse to relent on this issue, you have forced me to take it up with the Court which I will do when I move for sanctions against you. Contrary to your representations, not only were no documents offered for production until October 2005, but all documents were represented to be produced in Boston or in an electronic format and the first such production was provided in October 2005 electronically by prior counsel. For you to take the position that the documents were somehow offered for inspection in San Francisco in March 2005, is completely disingenuous and not reflected in either a document response, of which there was none until January 31, 2006, or the status of discovery. I further note that you made representations to the contrary in documents filed with the Court and as such I will be forced to bring these knowing misrepresentations to the attention of the Court in a Rule 11 context if you maintain your current stance to refuse to produce the balance of the documents in the Commonwealth.

At present, I hope to be able to begin the Qwest 30(b)6 deposition on February 13, 2006. I will not be able to complete it because of the failure of the document production and anticipate that I will need for Mr. Nowak to return for deposition once the documents are produced in the Commonwealth as required.

Finally, as to the protective order none is in place, the Court denied the Motion. In the interim, I take the position that the documents you have produced to date are not subject any protective order and to the extent that you claim such protection, as a result of my prior agreement to the terms of same with prior counsel, I no longer feel bound by that agreement, since you have abrogated every other agreement which prior counsel had with me to produce the documents. Further, the claim of protection under the prior terms did not pertain to all documents produced and was intended to be utilized to protect proprietary and trade secret information. I hardly think that invoices and quotes which are over 2 years old need any such protection. Further, I hardly think that corporate and marketing materials need any such protection at all. While current customer lists within the eastern United States may arguable be sensitive, I have seen no such lists and the documents produced regarding sales make it impossible to determine whether any of these old customers are current customers, such that protection of this information would be required. So until you refrain from abusing the designation, I do not feel bound to respect these indiscriminate efforts to unilaterally declare these documents, subject to the protective order or for "attorneys eyes only" , as such wholesale designation of the documents, given the format they were produced in, is not warranted. If there are items

which are presently sensitive then you will need to be more selective in determining them because as far as I can determine, based upon the limited review I have been able to make, none of the documents deserves any protection not to mention a limitation such as "attorneys eyes only". If there are sensitive documents you had better identify them so that I can determine what they are. I suggest that you do it by bate stamp number. Until that time, I will proceed as if there is no protection in place and you can explain to the Court why 3-7 year old quotations are somehow sensitive and need the protection of a protective order.

    Please contact me should you revise any of your positions as I understand them so that we can avoid wasting the Court's time on discovery if possible.

Very truly yours,

Rosemary A. Macero

Cc:   Thomas Brown