UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QWEST COMMUNICATIONS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONQWEST, INC., <br><br> Defendant. | Civil Action No. 04-cv-11878 RCL |

## MOTION FOR PROTECTIVE ORDER

Plaintiff Qwest Communications seeks a protective order against the continuation of the Rule 30(b)(6) deposition of Qwest scheduled for tomorrow, Friday, April 14, 2006. Plaintiff notes that there is no deposition notice pertaining to tomorrow's date and thus notes that a formal motion for protective order may not be necessary. The date had been offered by Plaintiff Qwest as a date for the deposition of its in-house trademark counsel, who is being designated on certain topics relating to Qwest's trademark rights. The witness, Ms. Christie Searls, lives in Denber and would have to travel from Denver to Boston for the deposition. Because the offered date was accepted by defendant's counsel, despite the lack of any formal notice for this continued deposition, Plaintiff makes this motion out of abundance of caution.

As grounds for the motion, Qwest states that the parties have been discussing settlement and are, upon information and belief, in agreement on substantive (non-monetary) provisions of a final settlement agreement. This was accomplished by a business person to business person discussion (non-lawyers) that took place last Friday, April 7, 2006, which lead to an understanding of the business purposes for the substantive terms.

On the strength of that conversation, Plaintiff Qwest put the understanding of that conversation in the form of a final settlement agreement and submitted it to defendant's counsel. Defendant's counsel has not, as of the time of filing this motion, either accepted or rejected the substantive proposal submitted by Plaintiff Qwest. While the monetary component is not yet resolved, the parties are close on that issue as well.

In view of the business person to business person discussion last Friday, Plaintiff Qwest also forewent the subpoenaed deposition of defendant's trademark counsel which was noticed for last Friday, April 7, 2006. Plaintiff Qwest requested that defendant extend the same courtesy with respect to the noticed deposition of Qwest's trademark counsel, who has been designated as a Rule 30(b)(6) witness for Qwest with respect to some topics related to Qwest's trademark rights.

Respectfully, Plaintiff Qwest suggests that it had fully expected reciprocal treatment from defendants's counsel in view of the status of these discussions, but, failing that, notes that is inefficient and a distraction from the settlement efforts were Plaintiff Qwest's in-house attorney required to travel and appear for deposition in the midst of these constructive discussions which are moving forward toward settlement.

RULE 7.1 CERTIFICATE OF CONFERENCE

Plaintiff's counsel sought defendant's assent to this motion, but defendant has declined to agree to the relief requested.


Dated: April 13, 2006                /s/ Heidi E. Harvey
                                     Heidi E. Harvey (BBO 548114)
                                     Thomas A. Brown (BBO #657715)
                                     FISH & RICHARDSON P.C.
                                     225 Franklin Street
                                     Boston, MA  02110-2804
                                     Tel:  (617) 542-5070
                                     Fax: (617) 542-8906
                                     Attorneys for Plaintiff


CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 13th of April, 2006.

                                     /s/ Heidi E. Harvey
                                     Heidi E. Harvey


21309990.doc